## State of Vermont v. Robert F. Gokey

[383 A.2d 601]

No. 171-76

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 7, 1978

34

*Michael J. Sheehan,* Windsor County State's Attorney, and *William J. Donahue,* Deputy State's Attorney, White River Junction, for Plaintiff.

*James L. Morse,* Defender General, *Charles S. Martin,* Appellate Defender, and *Laurence Olive,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Daley, J.** The defendant, in a three count information filed by the State's Attorney of Windsor County, was charged with the following criminal violations arising out of an attempted escape from the Woodstock Correctional Center: (1) attempted escape, 13 V.S.A. § 1501(a)(1); (2) aggravated assault, 13 V.S.A. § 1024(a)(2); (3) kidnapping, 13 V.S.A. § 2401. The defendant entered a plea of not guilty to each count and gave no notice of intention to rely upon the defense of insanity. During the course of a jury trial in which he was found guilty on each count, the defendant did not testify nor offer evidence on his behalf. State witnesses, however, gave testimony on direct and cross examination describing the defendant as "sick," and "out of his head . . . out of control and this was the result of his having taken some drugs." One witness, the assault victim, described the defendant as "not functioning normally, mentally."

At the close of the prosecution's case in chief, the defendant moved for judgment of acquittal based in part upon the State's failure to establish an essential element of each charge against him, namely his sanity at the time of the alleged offenses. V.R.Cr.P. 29(a). In the course of argument upon the motion, the court indicated that the issue of sanity had been raised and gave the State an opportunity to reopen its case and present testimony upon this aspect of the case. At the close of the reopened case the defendant renewed his motion for acquittal on the grounds previously asserted. In denying the motion the court stated, "the State has made out enough to take the matter to the jury and the jury can make the determination if they have proved the case beyond a reasonable doubt."

In its instructions to the jury the court correctly charged that "[t]he sanity of the defendant at the time of the commission of the alleged offenses is an element of the crime charged

and must be established by the State beyond a reasonable doubt just as it must establish every element of the offense charged." The defendant's claim of error, which he argues is prejudicial to his right to a fair trial, relates to another portion of the court's charge which reads as follows:

> Ordinarily it is to be presumed that a person is mentally sound and possesses ordinary and reasonable intelligence, sensibilities, learning and experience. In short, a defendant is presumed to be sane and the question of his insanity is not normally in issue. This presumption however, has been rebutted by testimony that casts doubt on the defendant's mental capacity even though that testimony is insubstantial. It is for you to determine whether there has been sufficient testimony, even though isolated and insubstantial, to rebut or set aside the presumption that Mr. Gokey is sane.

The well established rule in this state requires the court to charge fully and correctly upon each point indicated by the evidence, material to a decision of the case, and a shortage in this duty, upon proper exception, requires reversal. *State* v. *Brisson*, 119 Vt. 48, 53, 117 A.2d 255, 258 (1955). If the charge, taken as a whole and not piecemeal, breathes the true spirit of the law, and if there is no fair ground to say that the jury has been misled, then it ought to stand. *State* v. *Rebideau*, 132 Vt. 445, 454, 321 A.2d 58, 64 (1974); *State* v. *Adams*, 131 Vt. 413, 421, 306 A.2d 92, 97 (1973). As was stated by Mr. Justice Smith in *State* v. *Hanson*, 134 Vt. 227, 232, 356 A.2d 517, 520 (1976), "[o]f necessity instructions should lack tendencies to mislead, and any instruction is erroneous where it is obviously apt to confuse or mislead the jury." The question to be resolved by this Court is whether the instructions adequately covered the point charged and amply protected the rights of the defendant. We hold that the charge as given, in particular the part set forth in this opinion, was not only incorrect at law but also tended to mislead and confuse the jury, resulting in a failure to amply protect the defendant's rights. Reversal is warranted.

The erroneous instruction reflects a misconception of this state's law on the function of disputable presumptions

such as the presumption of sanity. This jurisdiction has long followed the so-called Thayer-Wigmore doctrine under which the presumption is never placed before the jury. The leading case upon the subject in this jurisdiction is *Tyrrell* v. *Prudential Insurance Co. of America,* 109 Vt. 6, 23–24, 192 A. 184, 192 (1937), in which Powers, C.J. enunciated the following rule consistent with the Thayer-Wigmore "bursting bubble" theory.

> A disputable presumption is a rule of law to be laid down by the court, which shifts to the party against whom it operates the burden of evidence, merely. It points out the party on whom lies the duty of going forward with evidence on the fact presumed. And when that party has produced evidence fairly and reasonably tending to show that the real fact is not as presumed, the office of the presumption is performed, and the fact in question is to be established by evidence as are other questions of fact, without aid from the presumption, which has become *functus officio.* . . . A presumption, of itself alone, contributes no evidence and has no probative quality. It takes the place of evidence, temporarily, at least, but if and when enough rebutting evidence is admitted to make a question for the jury on the fact involved, the presumption disappears and goes for naught. In such a case, the *presumption* does not have to be *overcome* by evidence; once it is confronted by evidence of the character referred to, it immediately quits the arena.

Insanity is not an affirmative defense; rather it is a means of meeting and weakening the prosecution's case. The defendant's sanity is an essential ingredient in the crime, and the burden of proof is at all times on the State. *State* v. *Bishop,* 128 Vt. 221, 227, 260 A.2d 393, 398 (1969); *State* v. *Warner,* 91 Vt. 391, 394, 101 A. 149, 150 (1917). The presumption of sanity satisfies this burden until sufficient evidence enters the case to rebut it. *State* v. *Miner,* 128 Vt. 55, 67, 258 A.2d 815, 822 (1969). At this point, sanity must be affirmatively established beyond a reasonable doubt. *State* v. *Bishop, supra,* 128 Vt. at 227, 260 A.2d at 398. In the Thayer-Wigmore tradition, a rebuttable presumption merely places upon the defendant the onus of either producing evidence

sufficient to create a jury question on the issue of sanity or relying at his peril upon the State's evidence to do the same. *Evans* v. *State,* 28 Md. App. 640, 722, 349 A.2d 300, 350 (1975). Cf. *State* v. *Miner, supra,* 128 Vt. at 67, 258 A.2d at 822. If the issue has not been generated by evidence, the jury never receives it. Once the issue is created by evidence, the presumption disappears and the jury never hears of it. *Town of Dorset* v. *Fausett,* 133 Vt. 476, 480, 346 A.2d 200, 203 (1975); *Tyrrell* v. *Prudential Insurance Co. of America, supra,* 109 Vt. at 24, 192 A. at 192. Whether a jury issue has been created calls for a ruling of law by the trial court. *State* v. *Lizotte,* 109 Vt. 378, 388, 197 A. 396, 400 (1938).

We need not pass upon the sufficiency of the evidence to rebut the presumption and generate a jury issue upon the sanity question because the trial court determined that the issue had been raised as evidence by its remarks at the motion for acquittal hearing and by its instruction that the presumption had been rebutted. A determination of the sufficiency of the evidence to rebut or set aside the presumption was clearly not within the province of the jury. *State* v. *Lizotte, supra,* 109 Vt. at 388, 197 A. at 400. They were to decide whether the State had sustained its burden of persuasion on the sanity issue beyond a reasonable doubt solely on all of the evidence unaided by the presumption, which itself is not evidence.

In our opinion the erroneous instruction, even when considered with other instructions upon this subject, could have led the jury to believe that the presumption was a piece of evidence to be considered by them, thus placing upon the defendant the burden of persuasion on the issue of sanity. Such a shift of the burden of persuasion onto the defendant would be flatly unconstitutional under the holding of the United States Supreme court in *Mullaney* v. *Wilbur,* 421 U.S. 684, 704 (1975). The court's instruction upon the presumption being incorrect in law could have misled the jury to the detriment of the defendant. The failure of the court in this respect is prejudicial error.

We have examined the record in the light of the State's contention that the claimed error has been waived by the defendant's failure to object to the instruction as given. V.R. Cr.P. 30. Although the record is confusing in this regard, we

believe the court was apprised of the defendant's claim. In any event, we resolve the doubt in favor of the defendant, and consider the error as plain error affecting the substantial rights of the accused. V.R.Cr.P. 52(b).

Inasmuch as the cause will be remanded for new trial, we will not consider the defendant's claim concerning a communication between the trial judge and a psychologist whose evaluations of the defendant appeared in the presentence investigation report available to all counsel. All courts, however, must be careful to avoid ex parte communications in any proceeding pending before them. See V.R.Cr.P. 32(c)(3); A.B.A. CANONS OF JUDICIAL CONDUCT NO. 3(A)(4).

*Judgment reversed, sentences vacated, and the cause is remanded for a new trial upon each count.*