# State of Vermont v. Michael S. Dusablon

[453 A.2d 79]

No. 431-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed October 14, 1982

*Mark J. Keller,* Chittenden County State's Attorney, and *Mark Brierre* and *Thomas Fitzpatrick,* Law Clerks (On the Brief), Burlington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Underwood, J.** This is an appeal from a guilty verdict for the offense of breaking and entering in the nighttime with the intent to commit larceny. 13 V.S.A. § 1201. The only contested issue at trial was whether the defendant intended to commit larceny. The defense was diminished mental capacity. Defendant argued that due to voluntary intoxication he lacked the specific intent to steal. On appeal, the defendant claims that the court's charge to the jury on the element of specific intent constituted reversible error.

The court instructed the jury that the offense charged required proof of specific intent as an essential element. As requested by the State, and over defense objections, the court then charged, in part, as follows:

> The evidence of intent to commit larceny in this case is purely circumstantial and therefore the prosecution must by law exclude every reasonable hypothesis consistent with innocence. Therefore, unless the prosecution has excluded by cogent evidence every reasonable hypothesis of innocence of Mr. Dusablon, you must find him not guilty.
>
> . . . .
>
> Now intent may ordinarily not be proved directly because there is no way of fathoming or scrutinizing the

operation of the human mind. But you may infer the defendant's intent from the surrounding circumstances. As I indicated, you may consider any statement made or act committed by the defendant, and all other facts and circumstances in evidence which indicate his state of mind. *It is ordinarily reasonable to infer that a person intends the reasonable and probable consequences of an act knowingly done or knowingly committed.* (Emphasis added.)

Now, where the evidence of specific intent is entirely circumstantial as it is here, the law requires your strict scrutiny. The circumstances when proved must do more than create a mere suspicion of guilt, however strong. Mere suspicion, however strong, will not take the place of evidence of guilt of a crime.

. . . .

Since there is evidence in the case of voluntary intoxication, it is for you the jury to determine the effect on the defendant's mental processes and whether his mental capacity was so diminished as to prevent him from forming the requisite specific intent.

The defendant contends that the italicized portion of the charge was prejudicial error because it shifted the burden of proof on an essential element of the crime from the State to him.

 The due process clause of the Fourteenth Amendment requires that the state prove every element of a crime charged beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364 (1970). It violates due process to shift the burden of proof on an essential element from the state to the defendant. *Patterson* v. *New York,* 432 U.S. 197, 215 (1977); *Mullaney* v. *Wilbur,* 421 U.S. 684, 701 (1975). From these fundamental principles the United States Supreme Court has held that the following jury instruction violates due process: "The law presumes that a person intends the ordinary consequences of his voluntary acts." *Sandstrom* v. *Montana,* 442 U.S. 510 (1979). This charge, the Court wrote, might have been interpreted either as a conclusive presumption or a burden-shifting presumption, either of which would have deprived the defendant of his right to due process. *Id.* at 525.

The defendant argues that the charge in the instant case is

objectionable for the same reasons as the charge in *Sandstrom*. We disagree.

The threshold inquiry in ascertaining whether the jury instruction given by the court constitutes reversible error is to determine the nature of the presumption it describes. *Id.* at 514. If it is mandatory, that is, conclusive or burden-shifting, it violates defendant's right to due process of law. *Id.* at 525; *United States* v. *United States Gypsum Co.*, 438 U.S. 422 (1978); *State v. Gokey*, 136 Vt. 33, 36, 383 A.2d 601, 604 (1978). If, on the other hand, an instruction could only be interpreted as a permissive inference, one which allows but does not require the trier of fact to find the inferred fact from the basic fact and which places no burden of any kind on the defendant, it is not unconstitutional. *Ulster County Court* v. *Allen*, 442 U.S. 140, 156–57 (1979); *State* v. *Dacey*, 138 Vt. 491, 495–96, 418 A.2d 856, 858 (1980).

Whether an instruction is mandatory or permissive hinges on "the way in which a reasonable juror could have interpreted" it. *Sandstrom* v. *Montana, supra,* 442 U.S. at 514. We must therefore give "careful attention to the words actually spoken to the jury." *Id.* The defendant contends that when the trial judge charged "it is ordinarily reasonable to infer that a person intends the reasonable and probable consequences of an act knowingly done or knowingly committed," this would naturally have been understood by the jury as satisfying the State's burden of proof on the issue of intent. Thus, he argues the burden of proving a lack of intent was effectively shifted to the defense. We decline to decide, however, whether this single instruction viewed in isolation, rather than in the context of the overall charge, could have been understood by the jury in the manner defendant asserts. It is the established rule in Vermont when examining jury charges that if the instruction "taken as a whole and not piecemeal, breathes the true spirit of the law, and if there is no fair ground to say that the jury has been misled, then it ought to stand." *State* v. *Gokey, supra,* 136 Vt. at 36, 383 A.2d at 602.

Taking the charge as a whole, it is clear that a reasonable juror could only interpret it as giving rise to a permissive inference, rather than a mandatory presumption, of specific

intent to steal. The jury was charged on every material aspect of the case, beginning with an explanation that the evidence of intent was entirely circumstantial. The court then explained to the jury that because evidence of intent could not in this instance be proved directly, an inference might be made about defendant's state of mind from all of the evidence and the surrounding circumstances. The court qualified this instruction by stating that the circumstantial evidence must be examined with "strict scrutiny." It then told the jury that it was also to consider the evidence of intoxication and its effect on the defendant's ability to formulate the requisite intent. Finally, there was a specific warning that a "mere suspicion" is not adequate grounds for sustaining conviction.

 There is no language in these instructions that mandated the jury to presume intent from the circumstantial evidence. The charge plainly directed the jury to consider all the circumstances tending to support or contradict the inference that the defendant intended the "reasonable and probable consequences" of his acts, and to decide the matter for itself without regard to how much evidence the defendant introduced. It left the trier of fact with the freedom to accept or reject the inference. Because the jury was left with this choice, we hold that the instructions in this case did not shift the burden of proof to defendant in violation of his right to due process of law.

*Affirmed.*