## State of Vermont v. Bryan R. Boise

[498 A.2d 495]

No. 83-475

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion filed June 7, 1985

*John T. Quinn*, Addison County Deputy State's Attorney, Middlebury, for Plaintiff-Appellee.

*Robert P. Keiner, James A. Dumont*, and *Bonnie Barnes*, Legal Intern (On the Brief), of *Sessions, Keiner & Dumont*, Middlebury, for Defendant-Appellant.

**Allen, C.J.** Upon appeal from a conviction of driving while intoxicated, 23 V.S.A. § 1201(a)(2), defendant contends that the court's instructions to the jury removed from its consideration an essential element of the crime, and unfairly singled out the defendant's testimony for comment as to its credibility. The defendant's conviction is reversed and the cause remanded for a new trial.

The testimony at trial indicated that the state police stopped the defendant after observing him drive erratically on Route 7 and Creek Road in Middlebury. The defendant was taken to the state police barracks where a breath sample was taken, which was subsequently found to indicate a blood alcohol content of .13 percent at the time of operation. The arresting officer testified that both Route 7 and Creek Road are public highways.

The defendant's first claim of error is that the court's instructions to the jury removed from its consideration an essential element of the offense, that the operation of the automobile was upon a public highway. The court stated:

> Now, as to the first two [elements] there is no dissension [sic], I don't think, between counsel. There's no question but what the Defendant, by his own admission, was operating a motor vehicle. As a matter of fact, I instruct you that Route 7 and the Creek Road so called are public highways within the meaning of the definitions of the Vermont statutes.

After discussing the third element, intoxication, the court stated:

This [third] element like the other elements normally would still have to be proved by the State beyond a reasonable doubt [despite the permissible inference from the blood alcohol content test]. The other two elements are conceded.

Following these instructions, the defendant's counsel objected, stating, "we have not entered into any stipulation those are public highways." The court replied, "I said as a matter of law they are public highways. Take judicial notice of it. Also was testimony from the police officers they are public highways." This exchange demonstrates that, contrary to the State's claim, the claimed error was fairly presented to the trial court for corrective action, and so has been preserved for appeal. *State* v. *Durling*, 140 Vt. 491, 496, 442 A.2d 455, 458 (1981).

■ It is axiomatic that the State must prove every element of the crime charged beyond a reasonable doubt. *State* v. *Dusablon*, 142 Vt. 95, 97, 453 A.2d 79, 81 (1982). It was incumbent upon the State to prove the operation of the vehicle "on a highway." 23 V.S.A. § 1201(a)(2). An instruction which informs the jury that this element of the crime has been conceded, when in fact it was not, improperly relieves the State of its burden. Thus the charge was in error.

■ The State here urges that, since the jury was instructed that it must find beyond a reasonable doubt the existence of the three elements of the crime charged before rendering a guilty verdict, the error was in fact harmless. While not all errors, even those of constitutional magnitude, require reversal, *Chapman* v. *California*, 386 U.S. 18, 22 (1967), the instruction at issue here removed an element from the jury's consideration. Such an error cannot be harmless. See *State* v. *Martell*, 143 Vt. 275, 279-80, 465 A.2d 1346, 1348 (1983) (harmless error can never be found where an instruction creates a conclusive presumption on an element of a crime).

■ This holding makes it unnecessary to consider whether the defendant was prejudiced by the court's instruction that the defendant's testimony should be considered in the light of his interest in the outcome of the trial. However, it is the better practice not to give such an instruction. A defendant who fears that his credibility will, in effect, be singled out for attack on the grounds that he is the defendant may hesitate to testify at all. In such a case, his right to testify in his own behalf may be unduly bur-

dened. See, e.g., *In re Mecier*, 143 Vt. 23, 27-28, 460 A.2d 472, 475 (1983) (recognizing such a right); 13 V.S.A. § 6601; *Alicea v. Gagnon*, 675 F.2d 913, 921 (7th Cir. 1982) (federal constitution grants right to testify in own behalf); Vt. Const. Ch. I, Art. 10 (defendant has right to be heard "by himself and his counsel").

Moreover, an instruction focusing upon the defendant's interest in the outcome of the trial as bearing upon his credibility may encroach upon the presumption of innocence. An innocent defendant, testifying truthfully, has the same interest in the outcome of the trial as a guilty defendant, testifying untruthfully. Yet in both cases, the jury is told that the fact that the defendant is on trial is relevant to his credibility.

A general instruction that a defendant who wishes to testify is a competent witness and that his testimony is to be judged in the same way as that of any other witness does not impermissibly single out the defendant.

*Reversed and remanded for a new trial.*