## State of Vermont v. Robert P. Noyes

[519 A.2d 1152]

No. 84-397

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed November 7, 1986

*David N. Weinstein*, Essex County State's Attorney, St. Johnsbury, for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Hill, J.** This is an appeal from a conviction, after jury trial, of driving while intoxicated, 23 V.S.A. § 1201(a)(2). Defendant contends that the court's instructions to the jury removed from its consideration two essential elements of the crime, creating plain error mandating reversal. We agree, reverse the defendant's conviction, and remand the cause for a new trial.

A recitation of the facts underlying the defendant's conviction is unnecessary; our review of the controlling issue in this appeal can be limited to a review of the trial court's instructions to the jury. The court stated:

> In this case in the course of argument, there appears to have been at least a tacit admission by counsel for the defendant that Mr. Noyes, in fact, operated a motor vehicle and that he did it on a public highway. That's implicit from the argument which he made, so the only question, real question, in the case is whether Mr. Noyes was under the influence of intoxicating liquor . . . .

In fact, there were no concessions made by defendant's counsel of any elements of the offense. Under these circumstances, it was incumbent on the State to prove beyond a reasonable doubt all three elements of the crime of driving while intoxicated: (1) operation of a motor vehicle; (2) on a public highway; (3) while under the influence of intoxicating liquor. 23 V.S.A. §

1201(a)(2); *State* v. *Dusablon,* 142 Vt. 95, 97, 453 A.2d 79, 81 (1982).

■ In *State* v. *Boise,* 146 Vt. 46, 48, 498 A.2d 495, 496 (1985), we recently held that "[a]n instruction which informs the jury that [an] element of the crime [of DUI] has been conceded, when in fact it was not, improperly relieves the State of its burden." In *Boise,* the trial judge expressly instructed that defendant had conceded an element of the crime, when in fact he had not. In this case, the judge instructed that there was "at least a tacit admission" by defendant's counsel on the first two elements of the offense, and that the only "real question" was on the third element. Whether an instruction impermissibly relieves the State of its burden of proof on an issue "hinges on 'the way in which a reasonable juror could have interpreted' it." *State* v. *Dusablon, supra,* 142 Vt. at 98, 453 A.2d at 81 (quoting *Sandstrom* v. *Montana,* 442 U.S. 510, 514 (1979)). Analyzed under this standard, we find no difference between the instruction in *Boise,* and the instruction in this case. Either instruction could have been reasonably interpreted by the jury to mean that the State had been relieved of its burden of proof on an element of the offense.

The State argues that *Boise* does not require reversal in this case because, taken as a whole, the trial judge's charge did not relieve the State of its burden of proof on any of the elements of the crime. The trial judge did, in other parts of the charge, instruct the jury that there were no admissions or stipulations, and that the court was not taking judicial notice of any facts. The court also summarized its charge by reviewing all three elements of the crime of DUI and stating that the State had the burden of proving all three beyond a reasonable doubt. It is the established rule in Vermont when examining jury charges that if the instruction " 'taken as a whole and not piecemeal, breathes the true spirit of the law, and if there is no fair ground to say that the jury has been misled, then it ought to stand.' " *State* v. *Dusablon, supra,* 142 Vt. at 98, 453 A.2d at 81 (quoting *State* v. *Gokey,* 136 Vt. 33, 36, 383 A.2d 601, 602 (1978)). The instructions in this case, viewed as a whole, were at best ambiguous. The court's specific statements, quoted above, were inconsistent with its later general summary of the State's burden of proof on all elements. "[W]here inconsistent instructions are given, it is presumed that the jury felt at liberty to follow either the correct or the incorrect. There is no presumption that the jury selected the right course.

The fact that the court may have, at one point, charged correctly, will not overcome the presumed effect of an erroneous charge . . . ." *Gibson* v. *Mackin Construction Co.*, 123 Vt. 287, 293, 187 A.2d 337, 341 (1963) (Barney, J., dissenting) (citations omitted). Since the challenged instruction could have left the jury uncertain about the factual issues subject to their determination, the charge constituted error. *State* v. *Camley*, 140 Vt. 483, 490, 438 A.2d 1131, 1135 (1981).

■ The defendant failed to object to the instructions when given, but argues that the defects in the charge mandate reversal because they constitute plain error. In the absence of an objection below, we will reverse on the basis of an unpreserved error only where it is "so grave and serious as to strike at the very heart of a defendant's constitutional rights or adversely affect the fair administration of justice." *State* v. *Mecier*, 145 Vt. 173, 178, 488 A.2d 737, 741 (1984); V.R.Cr.P. 52(b). For example, in *State* v. *Camley, supra*, we found plain error where the trial court first instructed the jury on the presumption of innocence, and then failed to instruct on the jury's option to return a general verdict of not guilty. *Id.* at 490, 438 A.2d at 1135. The challenged instruction in this case failed to protect adequately the defendant's due process right to have the State prove every element of a crime charged beyond reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970); *State* v. *Dusablon, supra*, 142 Vt. at 97, 453 A.2d at 81. Thus, the charge constituted reversible error.

Our resolution of this issue makes it unnecessary for us to consider the remaining issue raised by defendant on appeal.

*Reversed and remanded.*