## State of Vermont v. Keith P. Gagne

[535 A.2d 790]

No. 86-278

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed November 13, 1987

*James A. Hughes*, Franklin County Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*Marshall and Marshall*, Swanton, for Defendant-Appellant.

**Gibson, J.** Defendant appeals a district court ruling finding him guilty of violating a local speeding ordinance. We affirm.

Defendant received a uniform traffic ticket from a Franklin County deputy sheriff on September 12, 1985, for traveling 36 miles per hour in a 25 mile-per-hour zone. Defendant pled not guilty to the charge. He represented himself throughout the proceedings and was convicted after a trial without a jury. The State presented one witness, the deputy sheriff, and defendant testified on his own behalf.

On appeal, defendant argues that the State failed to introduce evidence sufficient to prove beyond a reasonable doubt each element of the crime. Specifically, defendant contends that the State's failure to furnish a certified copy of the applicable village

ordinance establishing the speed limit at the locality where defendant was stopped necessitates reversal. Defendant also argues that the State failed to prove the speed limit beyond a reasonable doubt, because the arresting officer never referred to the applicable units of measurement for the speed limit.

■ We note at the outset that no objections on any matter were made by the defendant at trial. Generally, issues not preserved at trial are not reviewable on appeal. *State* v. *Billado*, 141 Vt. 175, 182, 446 A.2d 778, 782 (1982). An exception for plain error exists to this general rule, however. V.R.Cr.P. 52(b). "In the absence of an objection below, we will reverse on the basis of an unpreserved error only where it is 'so grave and serious as to strike at the very heart of a defendant's constitutional rights or adversely affect the fair administration of justice.'" *State* v. *Noyes*, 147 Vt. 426, 429, 519 A.2d 1152, 1154 (1986) (quoting *State* v. *Mecier*, 145 Vt. 173, 178, 488 A.2d 737, 741 (1984)).

■ The due process rights of the defendant under the Fourteenth Amendment of the United States Constitution require that the State prove each element of the crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970); *Noyes*, 147 Vt. at 429, 519 A.2d at 1154. We believe the State met its burden in the instant case. The State elicited testimony from the arresting officer that the speed limit was 25 miles per hour,[1] and defendant offered no rebuttal evidence on this point. Thus, the officer's statements as to the applicable speed limit, coupled with his statements as to defendant's radar-detected speed, provided sufficient evidence to convict defendant of the offense.[2] Under the

---

[1] While the officer referred to the applicable speed limit as a "posted 25," it is obvious from the context of the discussion that he was referring to miles per hour.

    1. A. I believe it was like 36 miles an hour, maybe.

    2. Q. And that's a posted 25?

    3. A. Yes, sir.

Further, 23 V.S.A. § 1007 sets out minimum and maximum speed limits in miles per hour, thus providing that such is the unit of measurement for the speed of motor vehicles in Vermont. The inference is clear that the officer was testifying about a posted 25 mile-per-hour speed limit.

[2] 23 V.S.A. § 2206(b) states that "[t]estimony of a witness as to the existence of a . . . sign establishing a speed zone, shall be prima facie evidence that any such traffic control device existed pursuant to a lawful statute, regulation or ordinance and that a defendant was lawfully required to obey the directions of such device."

facts of this case, we cannot agree that the State's failure to present a certified copy of the applicable village ordinance constituted reversible error.

*Affirmed.*

23 V.S.A. § 2206(b) thus allows the officer's testimony to constitute prima facie evidence of a lawfully posted 25 mile-per-hour speed limit. The officer also testified that defendant was traveling at 36 miles per hour. None of this testimony was contested or rebutted by defendant.

Under V.R.E. 303(b)(2), "[a] statute providing that a fact or group of facts is prima facie evidence of another fact or of guilt establishes a presumption within the meaning of this rule." The effect of such presumption, V.R.E. 303(b)(1), is to allow the finder of fact to draw the inference of guilt of the accused. V.R.E. 303(c). Therefore, sufficient evidence existed to convict defendant of the offense.