## State of Vermont v. Brian S. Blake

[559 A.2d 676]

No. 87-359

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed March 10, 1989

*Joanne Baltz, Windsor County Deputy State's Attorney,* White River Junction, for Plaintiff-Appellee.

*Ernest P. Sachs* and *Jean K. Myers, Law Clerk (On the Brief),* of *Sachs & Desmeules,* Norwich, for Defendant-Appellant.

**Allen C.J.** Defendant appeals from a conviction for driving under the influence of intoxicating liquor, 23 V.S.A. § 1201(a)(2), on grounds that the jury instruction violated his right to be presumed innocent and that the prosecution failed to prove he drove his motor vehicle while intoxicated. We disagree on both points and affirm.

The facts are not disputed. Defendant consumed nine or ten beers between 12:30 p.m. and 9:30 p.m. at his place of employment. He then left for home, a trip of about fifteen minutes, and was stopped by a police officer for a missing license plate light at the entrance to his driveway. The officer noticed the odor of alcohol and defendant's red and watery eyes. After the defendant failed a dexterity test, the officer processed him for driving while under the influence. The jury found defendant guilty, and the present appeal followed.

Defendant argues first that the court's instruction to the jury was inconsistent with his presumption of innocence. The language complained of followed the court's uncontested instruction on what the jury might or might not infer after considering evidence relating to defendant's blood alcohol level, and stated:

> If you decide to disregard the inference [that defendant was under the influence of intoxicating liquor] you *must* then find the defendant guilty beyond a reasonable doubt or not guilty based on your consideration of the remaining evidence.

(Emphasis added.) The arguably offending phrase — "you must then find the defendant guilty" — came at a point in the instruction when the court was advising the jury as to their options if the jury did *not* choose to make a permitted inference of guilt based on chemical evidence. Though the court used the word "must," the word was applied equally to the options of finding defendant guilty or not guilty. The present instruction contrasts sharply from that in *State* v. *Camley,* 140 Vt. 483, 489-90, 438 A.2d 1131, 1134 (1981), where the court failed to instruct on a general verdict of not guilty. Consequently, even viewed in isolation, this single sentence was sound advice to the jurors as a matter of law and was not presented in a manner favorable to the

State. As we said in *State* v. *Gokey*, 136 Vt. 33, 36, 383 A.2d 601, 602 (1978), "If the charge, taken as a whole and not piecemeal, breathes the true spirit of the law, and if there is no fair ground to say that the jury has been misled, then it ought to stand."

Defendant next argues that he should have been acquitted because the State failed to prove that he was under the influence, as required for conviction under 23 V.S.A. § 1201(a)(2). Defendant correctly points out that in testifying to defendant's blood alcohol content (BAC), the State's expert relied on an average elimination rate, not defendant's own particular rate. Defendant's expert testified that without knowing individual absorption and elimination rates, accurate assessment of a particular BAC is impossible.

We must view the evidence offered by the State's expert in the light most favorable to the State, excluding the effect of any modifying evidence. *State* v. *Robillard*, 146 Vt. 623, 626, 508 A.2d 709, 711 (1986). The State's expert presented the jury with a detailed analysis, relating the BAC result back to the time the defendant was stopped, explaining how he arrived at his computation. At most, defendant's expert established that the calculation of the State's expert was not an absolute certainty. But it need not have been. The jury was properly instructed that it had to find defendant guilty beyond a reasonable doubt, and defendant fails to demonstrate on appeal why the State's evidence failed to meet that test under the applicable standard of review for denial of an acquittal motion.

*Affirmed.*