**SHEVRON PERCIVAL, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2013-0083
Supreme Court of the Virgin Islands
January 7, 2015

MARTIAL A. WEBSTER, SR., ESQ., Law Office of Martial A. Webster, Sr., St. Croix, USVI, *For Appellant*.

KIMBERLY L. SALISBURY, ESQ., Assistant Attorney General, St. Thomas, USVI, *For Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(January 7, 2015)

CABRET, *Associate Justice*. Shevron Percival appeals his convictions in the Superior Court for first-degree robbery and unauthorized possession of a firearm during a crime of violence. Percival argues that the evidence was insufficient to support his convictions and that the Superior Court abused its discretion in denying his motion for a new trial and his motion to suppress the victim's out-of-court identification. We reject each argument and affirm Percival's convictions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Willis Hodge was robbed at gunpoint while sitting in his car in a parking lot at the Lorraine Village Housing Community on St. Croix at around 12:50 a.m. on May 10, 2011. A month later, Hodge gave a statement and selected Percival's photo out of a photo array, identifying him as the person who robbed him that night. The People of the Virgin Islands then charged Percival with first-degree robbery, the use of a dangerous weapon during the commission of a crime of violence, unauthorized possession of a firearm during a crime of violence, failure to report a firearm brought into the Virgin Islands, and third-degree assault. Before trial, Percival moved to suppress the identification Hodge gave to police, asserting that the photo array used to obtain the identification was unconstitutionally suggestive. After holding an evidentiary hearing on June 11, 2013, the Superior Court denied the motion, finding that the photo array was not impermissibly suggestive.

The Superior Court held a two-day jury trial beginning on July 1, 2013. During trial, the People first called Hodge, who testified that after he fell asleep in the driver seat of his car, someone began shaking the car after midnight. He then saw a man — whom he later identified as Percival — standing outside the passenger-side window with a gun. Once Hodge saw the weapon, he moved "as far back as [he] could into the vehicle," hoping that it would be more difficult for Percival to see him because of the tint over the back windows. Hodge testified that even though Percival had a shirt covering his mouth, his cheeks, nose, and forehead were visible and Hodge recognized Percival's voice because he spoke with a "West Indian" accent and had a lisp. Percival then placed the gun against the window and ordered Hodge to open the car door, threatening to shoot him unless he handed over his money. Hodge complied by throwing a few dollars and change out of the window, but Percival demanded more.

This went on for about 25 minutes, much of which Hodge spent in the backseat of the car on the phone with 911, which Percival apparently never realized. Percival again ordered Hodge to get out of the car, but Hodge told him that he wouldn't come out because "the gun [was] scaring [him]," and that he would come out of the car only if Percival went "over to the garbage can" that Hodge testified was under a streetlight nearly 40 feet away from the car. According to Hodge, Percival did so, and as he was standing under the streetlight a car approached, causing Percival to

481

pull the shirt covering the lower part of his face down for a moment, revealing his entire face, until the car changed direction. When Hodge still refused to leave the car, Percival returned to the car window, again ordering Hodge out of the car and threatening to kill him if he didn't hand over more money. This finally ended when the police arrived and Percival "took off running" west into "the main area" of the housing community. Hodge told the responding officers that he didn't know the assailant's name, but recognized him and would be able to identify him. Hodge also recounted selecting Percival's photo out of the photo array and testified that he was "[a] thousand percent sure of" the identification, stating that he recognized Percival from an incident that occurred two months before the robbery and then identified Percival in court. The photo array was also introduced into evidence over Percival's objections.

Following Hodge's testimony, Officer Egbert Thomas testified that he and Officer Ellery Quailey responded to Hodge's 911 call and that Thomas saw the assailant holding a gun against the car window when he arrived, but could not identify the assailant. Quailey then testified that when they arrived at the scene of the robbery, he recognized the assailant as someone he knew as "Gasso" by his eyes and the shape of his head despite the fact that part of his face was covered. Quailey stated that Gasso was Percival's nickname and identified Percival in court. Quailey also stated that he saw Percival holding a gun against the car window when he and Thomas arrived, but the officers were unable to arrest Percival because he ran "towards . . . the fields of Lorraine Village, and he ran towards a bush," where the officers "lost contact with [him]." Quailey testified that he told Thomas and the dispatching officer that he recognized Percival, and could not explain Thomas's failure to include this identification in the police report.

After Quailey's testimony, Percival stipulated to the admission of absence-of-entry forms created by Detective Karen Stout showing that he did not have a license to possess a firearm in the Virgin Islands at the time of the robbery. Detective Leon Cruz then testified that he was the investigating officer and that he gave Percival's photo to the Virgin Islands Police Department's forensic unit to create a photo array including five other photos of individuals with similar characteristics. Cruz showed Hodge the photo array one month after the robbery, and Hodge immediately selected Percival's photo, identifying him as the person who committed the robbery. Officer Cureene Smith also testified

to being present when the photo array was shown to Hodge, corroborating Cruz's testimony that Hodge selected Percival's photo without hesitation.

The People then rested and Percival moved for a judgment of acquittal, arguing that the evidence was insufficient to support a conviction for the firearm charges because the People did not prove that Percival was in possession of an operable firearm. The Superior Court reserved judgment on this motion and the People later filed an amended superseding information dropping the failure to report charge. Percival then called his mother as a defense witness, who testified that Percival came home around 9:00 or 9:30 p.m. the night of the robbery and was still there at midnight when she woke up and checked on him. After this testimony, Percival rested and renewed his motion for a judgment of acquittal without providing any additional argument. The jury later returned a guilty verdict on all counts.

Percival then filed a written motion for a judgment of acquittal, or in the alternative a new trial on July 16, 2013, which the Superior Court denied in an order entered on August 30, 2013. After a sentencing hearing on September 20, 2013, the Superior Court entered a September 26, 2013 judgment and commitment sentencing Percival to 10 years' imprisonment for first-degree robbery and a concurrent 15-year sentence and $25,000 fine for unauthorized possession of a firearm during a crime of violence. The court dismissed the convictions for use of a dangerous weapon during a crime of violence and third-degree assault without explanation. Percival filed a timely notice of appeal on October 2, 2013.

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." 4 V.I.C. § 32(a). The Superior Court's September 26, 2013 judgment and commitment was a final judgment, and therefore we have jurisdiction over Percival's appeal. *Cascen v. People*, 60 V.I. 392, 400 (V.I. 2014); *see also Williams v. People*, 58 V.I. 341, 345 (V.I. 2013) (a written judgment embodying the adjudication of guilt and the sentence imposed based on that adjudication constitutes a final judgment for purposes of 4 V.I.C. § 32(a)).

## III. DISCUSSION

Percival argues that the Superior Court erred in denying his motion for a judgment of acquittal because the evidence was insufficient to support

his convictions. Alternatively, he asserts that the Superior Court should have granted his motion for a new trial because the interests of justice required it. Percival also argues that the Superior Court should have granted his motion to exclude the out-of-court identification, which he contends was unconstitutionally suggestive.

## A. Sufficiency of the Evidence

Percival first argues that the evidence was insufficient to support his convictions, insisting that the only evidence identifying him as the assailant was Hodge's testimony, which Percival argues was not sufficient to support the convictions. Typically when reviewing the sufficiency of the evidence, we review the Superior Court's determination *de novo*, applying the same standard the Superior Court should have applied — "view[ing] the evidence in the light most favorable to the People, and affirm[ing] the conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Webster v. People*, 60 V.I. 666, 678-79 (V.I. 2014) (quoting *Cascen*, 60 V.I. at 401). But where a defendant fails to preserve a sufficiency challenge on appeal, we review only for plain error. *Francis v. People*, 59 V.I. 1075, 1079 (V.I. 2013).

■ Given that a conviction entered on insufficient evidence is always plain error, the result here would be the same regardless of whether we apply a *de novo* or plain error standard. *Id.* (fully addressing the sufficiency challenge even though it was waived); *Webster*, 60 V.I. at 679 (addressing a sufficiency argument even where the appellant failed to properly raise the issue on appeal); *see also United States v. Flyer*, 633 F.3d 911, 917 (9th Cir. 2011) ("[P]lain-error review of a sufficiency-of-the-evidence claim is only theoretically more stringent than the standard for a preserved claim. . . . When a conviction is predicated on insufficient evidence, . . . the plain-error test will necessarily be satisfied." (internal quotation marks, alterations, and citation omitted)). But this Court has never explained what is required to preserve a sufficiency challenge on appeal, and in resolving this issue we first note that some federal appellate courts require that a defendant move for a judgment of acquittal first at the close of the prosecution's case, then again after the close of all evidence to preserve it for appeal. *See United States v. Gadson*, 763 F.3d 1189, 1217 (9th Cir. 2014) (reviewing for plain error where the defendant "did not renew his motion [for a judgment of

acquittal] after the close of all the evidence"); *cf. Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400-01, 126 S. Ct. 980, 163 L. Ed. 2d 974 (2006) (holding that a motion for a directed verdict in a civil case was not preserved on appeal where a party failed to renew it in a post-verdict motion). While Percival did this with regard to the weapons charges — arguing the evidence was insufficient both after the People rested and after the close of evidence — he challenged the sufficiency of the evidence for first-degree robbery only in his written motion after the jury returned a verdict but before the Superior Court entered its judgment and commitment.

▮ Although a motion for a judgment of acquittal in the Superior Court is ostensibly governed by Federal Rule of Criminal Procedure 29 as applied through Superior Court Rule 7,[1] this Court has never imposed such stringent requirements on a party before addressing an issue on appeal, and we decline to do so now. Instead, the rules of this Court

---

[1] As this Court has previously stated, the federal rules "represent rules of last resort" in Superior Court proceedings through Superior Court Rule 7 when a local rule, statute, or precedent from this Court does not cover the same subject matter. *Sweeney v. Ombres*, 60 V.I. 438, 442 (V.I. 2014). Rule 7 provides that "[t]he practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence." On its face, this rule appears to incorporate the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Local Rules of Civil Procedure, and the Local Rules of Criminal Procedure into Superior Court proceedings as promulgated and amended by the United States Supreme Court and the United States District Court of the Virgin Islands. While apparently intended to make local and federal practice as similar as possible, *Gov't of the V.I. v. Thomas*, 32 V.I. 64, 66-68 (V.I. Super. Ct. 1995), the wholesale adoption by reference of four sets of rules promulgated by courts outside of the Virgin Islands Judiciary to govern proceedings in the Superior Court may be problematic given that Congress provided in section 21(c) of the Revised Organic Act that "[t]he rules governing the practice and procedure of the courts established by local law . . . shall be governed by local law or *the rules promulgated by those courts.*" 48 U.S.C. § 1611(c) (emphasis added); *see also* 4 V.I.C. § 32(f)(1) ("The Superior Court shall adopt the rules of court for the Superior Court of the Virgin Islands consistent with section 21(c) of the Revised Organic Act of the Virgin Islands."); *In re Richards*, 213 F.3d 773, 794 n.4, 42 V.I. 469 (3d Cir. 2000) ("Any authority the federal rules have over territorial courts is a function of territorial law that must be consistent with the [Revised Organic Act]."); *cf. Gov't of the V.I. v. Connor*, 60 V.I. 597, 602 (V.I. 2014) ("inappropriately delegating the judicial power of the Virgin Islands" to foreign courts through the "wholesale adoption" of the Restatements subverts the development of an indigenous Virgin Islands jurisprudence). But because Percival does not challenge the Superior Court's application of Federal Rule of Criminal Procedure 29 to his motion for a judgment of acquittal, we do not resolve this issue here. V.I.S.Cт.R. 4(h), 22(m).

485

require only that an argument be "fairly presented to the Superior Court [in order to] be presented for review on appeal." V.I.S.Ct.R. 4(h); *see also* V.I.S.Ct.R. 22(m) ("Issues that were . . . not raised or objected to before the Superior Court . . . are deemed waived for purposes of appeal."); *Galloway v. People*, 57 V.I. 693, 709 n.8 (V.I. 2012) ("Rules 4(h) and 22(m), when read in tandem, simply adopt the plain error standard of review."). As we have explained in recent cases, a party only needs to raise an issue in time for the Superior Court to address it and take whatever action is necessary in the first instance in order to fairly present the issue and preserve it for appeal. *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 233 n.1 (V.I. 2013) (a contemporaneous objection to the admission of evidence was not required to preserve an issue on appeal where the appellant presented the issue to the Superior Court through a pre-trial motion in limine); *Yusuf v. Hamed*, 59 V.I. 841, 851 n.5 (V.I. 2013) ("To preserve an objection on appeal, a party must object on the specific grounds raised on appeal."); *see also V.I. Waste Mgmt. Auth. v. Bovoni Invs., LLC*, 61 V.I. 355, 371 (V.I. 2014).

This application of Rule 4(h) is in accord with those courts applying a similar standard, which have held that a party preserves an issue on appeal when the issue "was fairly presented to the trial judge in time for [the court] to take what action [it] saw as necessary." *Commonwealth v. Lieu*, 50 Mass. App. Ct. 162, 735 N.E.2d 1263, 1266 (2000) (citation omitted); *see also State v. Balderama*, 2004 - NMSC 008, 135 N.M. 329, 88 P.3d 845, 850 (2004) (a rule requiring that an issue be "fairly invoked" to be preserved on appeal "disregards form and relies upon substance, and merely requires that a question be fairly presented to the court and a ruling invoked" (citation omitted)); *State v. Boise*, 146 Vt. 46, 498 A.2d 495, 496 (1985) ("[T]he claimed error was fairly presented to the trial court for corrective action, and so has been preserved for appeal."). Under this standard, moving for a judgment of acquittal once — whether it is after the People rests, after the close of evidence, or after the jury returns a verdict — is sufficient to fairly present the issue to the Superior Court, as the court has ample opportunity at any of these stages to address the sufficiency of the evidence and enter a judgment of acquittal if necessary. So because Percival challenged the sufficiency of the evidence on first-degree robbery in his written post-verdict motion before the Superior Court entered its judgment and commitment, this argument has been preserved for appeal under this Court's rules.

■ Because the Superior Court dismissed Percival's convictions for use of a dangerous weapon during a crime of violence and third-degree assault, we only examine the sufficiency of the evidence to support his convictions for first-degree robbery and unauthorized possession of a firearm during a crime of violence. Although it is unclear from the record why those convictions were dismissed, any error the Superior Court may have committed in this regard did not prejudice Percival and the People has not filed a cross-appeal in this case. Therefore, we will not disturb the Superior Court's decision to dismiss those convictions. *Better Bldg. Maint. of the V.I., Inc. v. Lee*, 60 V.I. 740, 761-62 (V.I. 2014) (this Court will not grant an appellee greater relief on appeal than it received at trial in the absence of a cross-appeal) (citing *People v. Ward*, 55 V.I. 829, 841 (V.I. 2011)).

■ With regard to the merits of Percival's sufficiency challenge, there are none. He primarily argues that Hodge's eyewitness identification alone was not enough to support his convictions. But contrary to Percival's assertion, Hodge was not the only witness to identify Percival at trial. Officer Quailey also testified to recognizing Percival when he arrived during the robbery. And even if Hodge were the only witness to identify Percival, "a single positive eyewitness identification may be sufficient proof of guilt." *Connor v. People*, 59 V.I. 286, 290-91 (V.I. 2013) (quoting 29A AM. JUR. 2D *Evidence* § 1402 (2012)); *see Francis v. People*, 57 V.I. 201, 211 (V.I. 2012) ("The testimony of one witness is sufficient to prove any fact.").

Percival also relies heavily on *Gov't of the V.I. v. Davis*, 561 F.3d 159, 51 V.I. 1179 (3d Cir. 2009), but that case is not on point. In *Davis*, the United States Court of Appeals for the Third Circuit reversed a conviction entered by the Superior Court and affirmed by the Appellate Division of the United States District Court of the Virgin Islands[2] where "the

---

[2] Before this Court became operational on January 29, 2007, the Appellate Division of the District Court had appellate jurisdiction over the Superior Court of the Virgin Islands, and was in turn subject to the appellate jurisdiction of the Third Circuit. *Hypolite v. People*, 51 V.I. 97, 101 (V.I. 2009); 48 U.S.C. § 1613a(a)-(c) ("Prior to the establishment of the [Supreme Court of the Virgin Islands], the District Court of the Virgin Islands shall have . . . appellate jurisdiction over the [Superior Court and] the Third Circuit shall have jurisdiction of appeals from all final decisions of the district court on appeal from the [Superior Court]."). The Appellate Division, and later the Third Circuit, were able to decide the *Davis* case after this Court became operational because Congress provided that the Appellate Division would retain

prosecutor's references to Davis's silence violated his right to due process." *Id.* at 164. In reversing, the Third Circuit noted that the evidence was not overwhelming, as the three witnesses who identified Davis "each suggested, to varying degrees, a prior antagonistic relationship with Davis," preventing the court from concluding "beyond a reasonable doubt that [the constitutional] violation . . . did not contribute to the jury's verdict." *Id.* at 166-68.

■ Although Percival contends that the Third Circuit's reasoning supports his sufficiency challenge, it doesn't. *Davis* has no persuasive value here at all, since reviewing the record to determine whether the evidence of guilt was so overwhelming that an error did not affect the verdict — as in *Davis* — and reviewing the record to determine whether the People introduced the minimum amount of evidence constitutionally required to obtain a conviction — as Percival asks us to do in this case — are completely different inquiries. *Frett v. People*, 58 V.I. 492, 509 n.14 (V.I. 2013); *Simmonds v. People*, 53 V.I. 549, 561 n.7 (V.I. 2010).

Percival's remaining sufficiency arguments go to the credibility of the witnesses. He suggests, without ever fully articulating it, what appears to be a suspicion that Hodge and Quailey did not actually recognize Percival at the crime scene but identified him as the assailant out of animosity, insisting that Hodge never told the 911 operator that he recognized Percival and emphasizing that the police report failed to include Quailey's identification. Similarly, Percival argues that his mother's alibi testimony, in addition to the questionable nature of Hodge's testimony, rendered the evidence insufficient.

■■ But Percival presented these arguments to the jury throughout trial while cross-examining the People's witnesses, calling his own witnesses, and during closing arguments. It is clear that the jury rejected Percival's concerns with Hodge's and Quailey's credibility, and it is not the role of this Court to review that determination on appeal, since a "sufficiency challenge is not a vehicle to relitigate credibility arguments that were unpersuasive to the trier of fact." *Webster*, 60 V.I. at 681 (quoting *Billu v. People*, 57 V.I. 455, 466 (V.I. 2012)) (internal quotation marks omitted). Further, while it is true that Percival's mother was called

---

jurisdiction over any appeal filed with it before this Court assumed jurisdiction. 48 U.S.C. § 1613a(d) ("The establishment of the [Supreme Court of the Virgin Islands] shall not result in the loss of jurisdiction of the district court over any appeal then pending in it.").

as an alibi witness, she testified that the last time she saw Percival on the night of the robbery was at midnight, whereas the robbery occurred almost an hour later. In deciding to convict Percival, the jury could have easily concluded that he left his mother's house and committed the robbery after she saw him at midnight or that Percival's mother was not credible. Either conclusion would have allowed a reasonable jury to convict, and even if Percival's mother had provided a complete alibi, we would reach the same result, as an eyewitness identification is sufficient to support a conviction "even if . . . contradicted by the accused or by alibi testimony." *Connor*, 59 V.I. at 290-91.

With the testimony of Hodge and Quailey, the evidence was sufficient to support both of Percival's convictions. With regard to his first conviction, "[r]obbery is the unlawful taking of personal property in the possession of another, from his person or immediate presence and against his will, by means of force or fear." 14 V.I.C. § 1861. "A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another perpetrator of the crime . . . [d]isplays, uses or threatens the use of a dangerous weapon." 14 V.I.C. § 1862(2). The evidence in this case — when viewed in the light most favorable to the People — was sufficient to support this conviction, as Hodge testified that Percival demanded money from him at gunpoint, and Hodge complied by throwing what money he had in the car out of the window to Percival. *Fontaine v. People*, 56 V.I. 660, 667 (V.I. 2012); *Connor*, 59 V.I. at 296 (a firearm is by definition a dangerous weapon).

This evidence was also sufficient to support his conviction for unauthorized possession of a firearm during a crime of violence. Percival argues that this conviction must be reversed because no firearm was ever recovered. The crime of unauthorized possession of a firearm during a crime of violence is defined by 14 V.I.C. § 2253(a), and contains no requirement that the People produce a firearm in court to obtain a conviction for this crime. Instead, all that is required for a conviction under section 2253(a) is evidence that the defendant had an unlicensed firearm in his possession during a crime of violence. *Cascen*, 60 V.I. at 409. First-degree robbery is a crime of violence for the purposes of section 2253(a), because section 2253(d)(1) provides that a "[c]rime of violence" for the purposes of subsection (a) "shall have the same definition as that contained" in 23 V.I.C. § 451(e), which includes robbery as a crime of violence. *Billu*, 57 V.I. at 468. Furthermore, Hodge, Quailey,

and Thomas all testified to seeing Percival carry a gun during the robbery, and Percival stipulated to the admission of absence-of-entry forms demonstrating that he did not have a license to possess a firearm in the Virgin Islands at the time of the robbery.[3] Moreover, although he does not raise this argument on appeal, Percival argued before the Superior Court that the evidence was insufficient to support a conviction on this count because the People did not prove that the firearm was operable. This Court has already held that section 2253(a) does not require proof that the firearm was operable, and Percival did not make any arguments that would cause us to revisit this precedent. *Fontaine*, 56 V.I. at 669-70 ("[T]he plain language of the section . . . does not require the firearm to be capable of discharging ammunition."). Accordingly, we reject Percival's challenge to the sufficiency of the evidence.

## B. Motion for a New Trial

Percival next argues that the Superior Court erred in denying his motion for a new trial. His argument on appeal amounts to a single sentence of substantive argument: "The only witness that identified [Percival] as the robber was Willis Hodge, the alleged victim, although there were two police officers who saw the assailant but [were] unable to identify him." Since Percival's substantive argument on this issue amounts to a single sentence, unsupported by any citation to legal authority supporting this argument, this issue is waived. V.I.S.CT.R. 22(m). And even if we were to address his argument on the merits, we would reject it.

Superior Court Rule 135 allows the Superior Court to "grant a new trial in 'the interest of justice' " and this Court "will not interfere with the Superior Court's ruling absent an abuse of discretion." *Stevens v. People*,

---

[3] We concluded in *Cascen* that an absence-of-entry form is testimonial in nature, and therefore it cannot be introduced at trial unless the defendant has the opportunity to cross-examine the preparer of the forms as required by the Confrontation Clause of the Sixth Amendment to the United States Constitution. 60 V.I. at 409-13. But, like most constitutional rights, a defendant can waive the right to confront a witness against him, which Percival did here by stipulating to the admission of these forms. *See United States v. Aptt*, 354 F.3d 1269, 1282 (10th Cir. 2004) ("[C]ounsel in a criminal case may waive his client's Sixth Amendment right of confrontation by stipulating to the admission of evidence." (internal quotation marks and citation omitted)); *cf. Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 308 (V.I. 2014) (the appellant waived his constitutional right to be free from double jeopardy by requesting a new trial as a remedy in a habeas action).

52 V.I. 294, 304 (V.I. 2009) (quoting SUPER. CT. R. 135); *see also Joseph v. People*, 60 V.I. 338, 345 (V.I. 2013).

██ Percival's motion for a new trial was identical to the argument he makes on appeal, which the Superior Court rejected, noting that Hodge was not the only witness to identify Percival and finding that there was no reason to question Hodge's credibility. In the case of a motion for a new trial premised on a challenge to the credibility of the witnesses, "it remains the law that a trial court should weigh the evidence, [but] a new trial should not be granted unless the court believes that there is a serious danger that an innocent person has been convicted." *Stevens*, 52 V.I. at 306 (internal quotation marks, alteration, and citation omitted). Percival does not explain how the Superior Court's failure to grant a new trial under this standard was an abuse of discretion, and there is nothing on this record indicating that it was. We therefore affirm the Superior Court's denial of Percival's motion for a new trial.

### C. Out-of-Court Identification

██ ██ Lastly, Percival contends that the Superior Court erred in denying his motion to suppress the photo array and Hodge's out-of-court identification. But again, he does not cite a single legal authority in making this argument, so this issue is also waived. V.I.S.CT.R. 22(m). For that matter, we note that despite the significant case law from this Court addressing all the issues he raises in this appeal, Percival fails to cite a single binding authority in his appellate brief, instead relying exclusively on persuasive authority from the District Court and the Third Circuit. *See* V.I.S.CT.R. 15(b) ("[A]ny attorney who . . . does not present otherwise controlling contrary law, will be subject to such sanctions as the Court deems appropriate."); *Benjamin v. Coral World V.I., Inc.*, Super. Ct. Civ. No. 294/2013 (STT), 2014 V.I. LEXIS 35, *13 n.38 (V.I. Super. Ct. June 12, 2014) (unpublished) (warning litigants in a civil case that simply citing non-binding authorities without any discussion of binding case law may result in sanctions) (citing V.I. RULES OF PROF'L CONDUCT R. 211.3.1).

██ And like his new trial argument, even if Percival's suppression argument wasn't waived, we would still affirm. "[A] defendant may attack an identification on grounds that it was 'so unnecessarily suggestive and conducive to irreparable mistaken identification' as to result in a denial of due process." *Richards v. People*, 53 V.I. 379, 385

(V.I. 2010) (quoting *Stovall v. Denno*, 388 U.S. 293, 302, 87 S. Ct. 1967, 18 L. Ed. 2d 1199 (1967)). "The burden is on a defendant initially to show that an identification was 'impermissibly suggestive,' " *Ostalaza v. People*, 58 V.I. 531, 549 (V.I. 2013), and if he succeeds in demonstrating that the identification was impermissibly suggestive, the court must then determine "whether under the totality of the circumstances the identification was reliable even though the confrontation procedure was suggestive." *Richards*, 53 V.I. at 385-86 (quoting *Neil v. Biggers*, 409 U.S. 188, 199-200, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972)) (internal quotation marks omitted). We review the Superior Court's ruling on a motion to suppress for an abuse of discretion. *James v. People*, 60 V.I. 311, 317 (V.I. 2013).

 In his motion to suppress the photo array, Percival argued only that it was "similar to the 'one photograph' identification" that the United States Supreme Court dealt with in *Manson v. Brathwaite*, 432 U.S. 98, 97 S. Ct. 2243, 53 L. Ed. 2d 140 (1977), where that Court held that showing a witness a single photo to identify the defendant was impermissibly suggestive, but, considering the totality of the circumstances, it was not a due process violation in that case. *Id.* at 117. In this case, the Superior Court held a hearing on the motion to suppress on June 11, 2013, where Detective Cruz testified that after getting a description of the assailant from Hodge and conducting an investigation, he asked the forensic unit to create a photo array including Percival's photo and five other photos of people with similar characteristics. Cruz testified that once he got the photo array, he met with Hodge, and after being instructed to select one of the photos only if he was certain that it was of the person responsible for the robbery, Hodge immediately selected Percival's photo and signed the array. After hearing this testimony and that of Detective Smith, who witnessed Hodge select Percival's photo out of the array, the Superior Court concluded that the photo array was not impermissibly suggestive. *See Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001) ("If the procedures were not suggestive, the identification evidence presents no due process obstacle to admissibility; no further inquiry by the court is required." (citation omitted)).

 In attempting to challenge this determination, Percival first argues that there was no evidence that Hodge could identify Percival as the assailant before he spoke with Cruz. But not only does Percival fail to

articulate how this would render the photo array suggestive, his assertion is also factually incorrect, as Hodge testified that although he didn't know Percival's name at the time of the robbery, he recognized him and told the responding officers immediately after the robbery that he would be able to identify the assailant.

Percival also insists that the photo array was suggestive because he was the only person from the Lorraine Village Housing Community included among the six photos. But — aside from waiving this argument by failing to provide any authority supporting it, V.I.S.CT.R. 22(m) — Percival does not explain on appeal, nor did he before the Superior Court, how this could render the array impermissibly suggestive, and he has failed to challenge it on any other grounds. Therefore, he failed to meet his burden of demonstrating that the photo array was suggestive, and we affirm the Superior Court's denial of his suppression motion.

## IV. CONCLUSION

The testimony of Hodge and Officer Quailey identifying Percival as the person who robbed Hodge at gunpoint, in addition to the evidence that Percival did not have a license to possess a firearm, was sufficient to support Percival's convictions for first-degree robbery and unauthorized possession of a firearm during a crime of violence. Percival argues that the Superior Court abused its discretion in denying his motion for a new trial and his motion to suppress the photo array, but he has waived these arguments by failing to cite any authority supporting his assertions. And even if these issues were not waived, the Superior Court did not abuse its discretion in denying these motions. Therefore, we affirm the Superior Court's September 26, 2013 judgment and commitment.