## Town of Dorset v. William Dean Fausett

[346 A.2d 200]

No. 34-74

Present: Barney, C.J., Smith, Daley, and Larrow, JJ. and Keyser, J. (Ret.) Specially Assigned

Opinion Filed October 7, 1975

*Whalen & O'Dea,* Manchester Center, for Plaintiff.

*Frederick Pope, Jr., Esq.,* Brattleboro, for Defendant.

**Daley, J.** The defendant appeals from a judgment of the Bennington Superior Court ordering him to remove portions of his private wall which it found to be within a public highway. In addition to the order of removal, the defendant was permanently enjoined from further obstructing the highway right-of-way. The plaintiff, by cross appeal, challenges so much of the judgment as compels it to pay to the defendant damages for the value of the wall to be removed. Both parties, in argument before us, have conceded that this issue was not raised by the pleadings; damages were not requested by the defendant, and the record is devoid of any evidence upon which such order can be sustained. The court's order in this respect is, then, clearly erroneous.

The defendant raises two issues for our consideration; the first being that the court incorrectly determined the center line of the public highway; the second relates to the remedy, the defendant contending that the plaintiff is not entitled to injunctive process.

The defendant has for many years owned lands fronting on the southerly side of Nichols Hill Road, so called, Town Road # 24 in the Town of Dorset. This road is in effect the northerly boundary of defendant's lands. In 1946 he caused a dry stone wall to be erected along the front of his premises to protect his lands from waters coming over it from the highway. During the period 1946–1969, the wall was maintained and repaired from time to time without objection by the Town.

In 1969 or 1971, the defendant improved the wall by placing mortar therein, extending it to the east approximately three or four feet, and curving one corner. In 1971 while he was making further repairs to the wall, the Town objected, contending the wall or portions thereof was within its high-

way limits. When the defendant failed to comply with a request by the selectmen to remove stated portions of the wall, suit was brought. Prior to the action, both parties had the road surveyed by private surveyors. The court found that all of the surveys were substantially the same, demonstrating a road width of approximately three rods or fifty feet east and west of defendant's property and that a projected extension of the southerly line of this road along the stone walls and tree lines east and west would place portions of the defendant's wall within the three rod or fifty foot width. The court further found "that measuring one and one-half rods southerly of the present center line of the traveled portion of said road" would place parts of the defendant's wall within said measurement.

In its conclusions of law, the trial court relied upon the provisions of 19 V.S.A. § 36, which we will later discuss, for its conclusion No. 6, "that the Nichols Hill Road extends one and one-half rods north and south of the center line of the traveled portion of said highway."

The portions of the wall which the court found and concluded to be within the highway are set forth in its findings only by reference to certain engineering exhibits. Although for purposes of this appeal such method of factfinding will not hamper us, we suggest that in the future the length and width and location of objects, such as we have here, be particularly described so as to be recognized by non-engineers and capable of meeting the test of injunctive definitiveness. V.R.C.P. 65(d). More particularly, the court by its findings leaves unclear the location of that part of the wall which the Town by its complaint sought to have removed; namely, the stone and concrete retaining wall constructed in July and August, 1971. By its complaint, the Town did not seek removal of that portion of the wall constructed and maintained during the 1946–1969 period. We are convinced from the record that the trial court in its findings of fact and conclusions of law granted relief beyond that demanded by the plaintiff, and its judgment would not be supportable for this reason alone. See *Fenix* v. *Contos*, 126 Vt. 477, 236 A.2d 668 (1967). We point this out for direction if and when the cause is reheard.

We now turn to the determinative issue, the correct location of the center line of Nichols Hill Road, which we hold was incorrectly found by the court. The controlling statute is 19 V.S.A. § 36, originally enacted as Section 37 of No. 250, Acts of 1957. This statute reads as follows:

> When the survey of a highway has not been properly recorded or the records preserved, or, if terminations and boundaries cannot be ascertained, the board or selectmen may use and control for highway purposes one and one-half rods each side of the center of the traveled portion thereof.

Both parties concede that the record of the original laying of this highway has not been preserved and that its termini or boundaries cannot be ascertained. Although the plaintiff may contend that such is not the case, we do not believe that it does so very strongly. The work of the surveyors and engineers was not based upon any known highway monuments and certainly not upon any public record. The surveys and the witnesses' testimony in support of the same relate only to a small portion of the road itself; the termini are not shown; the boundaries are assumed from old stone walls and certain markers found on the ground not shown to have been highway boundary monuments. It is also important to note that the surveys conducted by both parties fell far short of being a resurvey in accordance with 19 V.S.A. § 298, an alternative remedy to 19 V.S.A. § 36.

The court recognized its duty of applying 19 V.S.A. § 36, but its literal application led it into error. This statute is an evidentiary method of proving the boundaries of a public highway otherwise incapable of ascertainment from public records. By its enactment, the Legislature created a statutory presumption that an existing highway was originally laid out as a three-rod road and that the center line of the traveled portion as it now exists is the center line of the highway as originally laid out. Undoubtedly, the Legislature had in mind when it enacted Section 37 of No. 250, Acts of 1957, the provisions of the now 19 V.S.A. § 294, then V.S. 1947, § 5014, that "[h]ighways shall be not less than three

rods wide . . . ." 19 V.S.A. § 36 presumes that the traveled portion of the road has remained unchanged.

The presumption being evidentiary in nature is not conclusive but is rebuttable and quits the arena when evidence is introduced fairly tending to rebut it. See *Tyrrell* v. *Prudential Ins. Co. of America,* 109 Vt. 6, 23, 24, 192 A. 184 (1937).

■ The evidence introduced by the defendant demonstrates that the traveled portion of the highway has not remained constant since the defendant acquired his property. It has been shifted southerly toward his land a distance ranging from a few feet, as found by the court, to twenty feet according to witnesses for the defendant. From the time the defendant began construction of his wall in 1946, the employees of the Town have moved the traveled portion in conjunction with road maintenance and repair, bringing it closer to the defendant's wall and land. Clearly then, the present center line, found by the court, is not the center line of the traveled portion from which the measurements set forth in 19 V.S.A. § 36 can be utilized in establishing the limits of highway use.

The evidence of movement was sufficient to overcome the evidentiary presumption initially present. In the face of such evidence, the court was required to find the correct center line of the traveled portion from all of the evidence, taking into consideration the evidence of change occurring before and after the paving in 1962. Because of its failure to do so, its measurement of one and one-half rods southerly of the present center line of the traveled portion is clearly erroneous. Its conclusion that portions of the defendant's wall are within the highway limit is, therefore, equally erroneous.

For these reasons the cause must be reversed and remanded. On remand the court will, after finding the correct center line of the highway in 1971, be required to adjudge how much of the construction, if any, within the purview of the plaintiff's complaint, lies within the properly established highway limits. Any portions so found will be the proper subject of a removal order and injunction to prevent further obstruction pursuant to 19 V.S.A. § 43, as amended, without the payment of compensation. Without quoting this statute, suffice it to say that

it contains ample authority for the use of injunctive remedy to prevent the continuance of obstructions adjudged to be within highway limits. As we limit our holding solely to the relief sought in the plaintiff's complaint, we do not reach the compensation theory advanced by the defendant relative to portions of the wall constructed prior to the matters placed in issue by the complaint.

*Judgment reversed; cause remanded.*