## Town of Ludlow v. Bruce Watson, Linda Watson, Ronald Neal and Ann Neal

[571 A.2d 67]

No. 88-136

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed January 5, 1990

*William A. Hunter*, Ludlow, for Plaintiff-Appellant.

*Fink & Birmingham, P.C.*, Ludlow, for Defendants-Appellees Watson.

*William S. Bos*, White River Junction, for Defendants-Appellees Neal.

**Dooley, J.** This is the case of the wandering road. The Town of Ludlow appeals from a directed verdict by the Windsor Superior Court in favor of defendants Bruce and Linda Watson, and Ronald and Ann Neal in a suit in which the Town sought the removal of fences and posts which it asserted defendants had placed within the traveled portion of a town highway. We reverse and remand.

Plaintiff, the Town of Ludlow, brought an action for injunctive relief, pursuant to 19 V.S.A. § 1111(h), mandating the removal of all fences and obstructions constructed by the defendants within one and one-half rods of the center line of the traveled portion of Town Highway No. 8 and enjoining the defendants from installing any other fences or obstructions within the limits of the Town highway right-of-way. Plaintiff claimed that the fences were located within the highway's right-of-way and interfered with its ability to maintain and repair the highway.

At the close of plaintiff's case in chief, the trial court ordered a directed verdict for defendants based upon the following findings of fact. Town Highway Number 8, also known as the Red Bridge Road, was laid out by a survey in 1819 in the Town of Ludlow. The survey, which was recorded, shows that the road was originally 1924 feet long. The current road is 1452 feet longer than that shown by the survey. Further, the termination and the boundaries of the road on the 1819 survey cannot be determined. Plaintiff's expert witness testified that the location of the road as stated in the 1819 survey is not the same as its present location. The expert also stated that the red bridge has

been moved ten to fifteen feet from its old location. The trial court also found that plaintiff assumed the burden of maintaining the road.

Defendants Ronald and Ann Neal own land directly to the north of the road and immediately to the east of the red bridge. They have maintained a wire fence near the northerly edge of the traveled portion of the highway and on the east side of the bridge. The Neals also inserted posts to the south of the wire fence. Defendants Bruce and Linda Watson own land to the south of the road and on the west side of the red bridge. They constructed a fence on the southerly and northerly side of the traveled portion of the road.

The trial court found, and all the parties agree, that because the terminations and boundaries of the roadway cannot be determined from the original survey, this dispute is controlled by 19 V.S.A. § 32, which assumes a roadway width of one and one-half rods on either side of the center line. The court concluded:

> However, that statute is an evidentiary method of proving the boundaries. It has been stated, and the Court agrees, that it's not conclusive, but it is rebuttable. There has been evidence presented which does barely tend to rebut that presumption. The Court has specifically found that the traveled portions of the highway have been shown not to be constant, . . . that there has been a movement of the town highway; therefore, the rebuttable presumption as has been stated quits the arena.
>
> In this case there has also been evidence of a dedication and acceptance. However, the Town has failed to establish the width of the existing highway. . . . [A]lthough the Defendants do have items referred to as fences and posts that are near the highway, they are not on the highway, they are off the surface of the highway. Injunctive relief is not appropriate in this case.

Since the plaintiff failed to prove the width of the road, the court granted defendants' motion for a directed verdict.

Plaintiff alleges two errors on appeal: (1) the evidence introduced at trial was sufficient to withstand a motion for directed verdict under 19 V.S.A. § 32; and (2) the Town should have pre-

vailed on a theory of dedication and acceptance. Because we agree with plaintiff that it introduced sufficient evidence to withstand a directed verdict on its claim under 19 V.S.A. § 32, we do not address the second issue.

While the trial court relied upon the correct statute to resolve this dispute, we cannot concur in its interpretation of that statute. To understand the appropriate construction of the statute, we must look at its history. The former version of the statute, 19 V.S.A. § 36, originally enacted in 1957 and repealed in 1986, read as follows:

> When the survey of a highway has not been properly recorded or the records preserved, or, if terminations and boundaries cannot be ascertained, the board or selectmen may use and control for highway purposes one and one-half rods each side of the center of the traveled portion thereof.

1957, No. 250, § 37. In *Town of Dorset v. Fausett*, 133 Vt. 476, 479, 346 A.2d 200, 202 (1975), we interpreted this statute as "an evidentiary method of proving the boundaries of a public highway otherwise incapable of ascertainment from public records." The key to our holding in *Fausett* was the conclusion that § 36 "presumes that the traveled portion of the road has remained unchanged." *Id.* at 480, 346 A.2d at 203. Thus, we stated that this statute created a "presumption that an existing highway was originally laid out as a three-rod road and that the center line of the traveled portion as it now exists is the center line of the highway as originally laid out." *Id.* at 479, 346 A.2d at 203. We found that this presumption can be rebutted by a showing that the traveled portion of the highway has not remained constant—a shift in the position of the road of as little as a few feet was sufficient to rebut the presumption. Under this statutory scheme, the party claiming the right-of-way must establish the width of the road once it is shown that the road does not follow its original path. See also *Gardner v. Town of Ludlow*, 135 Vt. 87, 89, 369 A.2d 1382, 1383 (1977). The statute was amended, however, in a way that casts doubt on the continuing vitality of *Fausett*.

■ The Legislature revised § 36 in 1986 as part of a re-codification of Title 19. The current statute, 19 V.S.A. § 32, reads:

> A roadway width of one and one half rods on each side of the center of the *existing* traveled way can be assumed and controlled for highway purposes whenever the original survey was not properly recorded, or the records preserved, or if the terminations and boundaries cannot be determined.

(Emphasis added.) In interpreting this revised statute, "we must construe its language so as to give effect to the legislative intent." *In re Southview Associates*, 153 Vt. 171, 175, 569 A.2d 501, 503 (1989). Although this statute is similar to the earlier one, there is one significant change which affects our previous interpretation. The phrase "existing traveled way" makes clear that the statutory width arises in relation to the existing traveled way rather than in relation to the traveled way as it was originally established. This language change removes the requirement that the traveled portion of the road remain unchanged during its existence. Rather, the new version of the statute recognizes the inevitable fact that the precise location of roadways shifts over time. Thus, the presumption of a three-rod road applies whether or not the traveled way has changed over time. As a result of this statutory change, our interpretation of the former statute cannot be applied to the new § 32, and the trial court erred in doing so.

■ Our interpretation of 19 V.S.A. § 32 is also consistent with 19 V.S.A. § 702, which states in pertinent part: "The right-of-way for each highway and trail shall be three rods wide unless otherwise properly recorded." These two statutes, when read together, presume that the width of a highway is three rods, and that the width is to be measured from the center line of the currently existing highway. The statutes still create a rebuttable presumption, but the presumption is not defeated because the location of the road has moved over time.

■ Plaintiff claimed that the highway right-of-way is one and one-half rods wide on both sides of the current center line.

Since the terminations and boundaries of the roadway cannot be determined from the original survey, plaintiff's evidence gave rise to a presumption and shifted the burden to defendants. It was, therefore, improper for the court to grant judgment for defendants without requiring defendants to rebut the presumption.

*Reversed and remanded.*