# MARCO ST. CROIX, INC., Appellant/Plaintiff
## v.
# VIRGIN ISLANDS HOUSING AUTHORITY, Appellee/Defendant

S. Ct. Civil No. 2015-0015

Supreme Court of the Virgin Islands

April 13, 2015

MARTIAL A. WEBSTER, SR., ESQ., St. Croix, USVI, *Attorney for Appellant.*

CAROL A. RICH, ESQ., Dudley Rich Davis LLP, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(April 13, 2015)

PER CURIAM. Marco St. Croix, Inc. ("Marco"), appeals from the Superior Court's January 23, 2015 opinion and accompanying order, which denied its motion for a temporary restraining order and a preliminary injunction. For the reasons that follow, we affirm.

## I. BACKGROUND

On May 1, 2014, the United States Department of Housing and Urban Development ("HUD") awarded a grant, in the amount of $4,279,414, to the Virgin Islands Housing Authority ("VIHA") to fund the emergency demolition of the Ralph deChabert Place Housing Project in St. Croix. VIHA issued an Invitation For Bids ("IFB") on October 16, 2014, which sought a qualified demolition contractor to demolish and remove 45 residential structures, a community building, a water tower, parking lot, and other components of the Housing Project. The IFB was accompanied with 23 exhibits — including a project manual outlining the specifics of the work contemplated — and set November 13, 2014, as the deadline to submit a complete bid, which was later extended to December 2, 2014.

Several businesses submitted bids in response to the IFB, including Marco, which submitted the lowest overall bid of $4,437,750. Ultimately, VIHA awarded the contract to the second lowest bidder, RG Engineering, Inc. of Puerto Rico, which had submitted a bid of $4,798,069.00. After Marco heard through the media that RG Engineering received the

contract, Marco filed a bid protest with VIHA on December 18, 2014. However, before VIHA could respond to the bid protest, Marco filed a complaint against VIHA in the Superior Court on December 22, 2014, and on the same day filed a motion for a temporary restraining order and preliminary injunction to enjoin VIHA from proceeding with the demolition of the Housing Project.

The Superior Court held hearings on Marco's requests on January 13 and 16, 2015. At the hearings, the Superior Court heard testimony from various witnesses, including representatives of VIHA, Marco, and RG Engineering. On January 23, 2015, the Superior Court issued its opinion denying Marco's motion, and entered an order to that effect the same day. First, the Superior Court found that Marco was not likely to succeed on the merits of its lawsuit because its bid had been incomplete, in that Marco (1) did not provide evidence that it possessed the general construction contractor and demolition licenses necessary to complete the project; (2) was thinly capitalized; (3) lacked a record of past or current comparable projects; and (4) submitted incomplete references. As to the remaining preliminary injunction factors, the Superior Court found that while denying relief could potentially cause irreparable harm to Marco, this was outweighed by the potential harm to VIHA and the public, given that the HUD grant would be subject to recapture if 90 percent is not obligated by May 12, 2015, and the grant funds fully disbursed by May 12, 2016.

Marco timely filed its notice of appeal on February 6, 2015, and filed a motion for expedited review and for injunction pending appeal on February 9, 2015. Unlike the motion it filed in the Superior Court, in this motion Marco did not request that this Court enjoin the demolition of the Housing Project, but only that it enjoin VIHA from entering into a contract with RG Engineering. This Court, in two orders entered on February 11, 2015, directed Marco to file the portions of the record necessary to understand its motion for an injunction pending appeal, and ordered VIHA to respond to the motion. Marco filed an amended motion on February 13, 2015, that contained the necessary exhibits, and VIHA filed its response opposing Marco's amended motion on February 17, 2015. In its opposition, VIHA represented that it had already signed a contract with RG Engineering on February 3, 2015, after the Superior Court had rendered its decision but before Marco filed its notice of appeal. On February 20, 2015, this Court issued an expedited briefing schedule,

directed VIHA to submit proof to support its representation that it had already signed the contract, and permitted Marco to file a response. After both parties complied with the February 20, 2015 order, this Court, in a February 27, 2015 order, denied Marco's motion for an injunction pending appeal as moot because the contract had already been signed and therefore there remained nothing for the Court to enjoin.

■ Consistent with the February 20, 2015 expedited briefing schedule, Marco and VIHA timely filed their respective principal briefs on February 27, 2015, and March 6, 2015. While the time for it to do so has passed, Marco has not filed a reply brief.[1]

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction over "[i]nterlocutory orders of the Superior Court of the Virgin Islands . . . granting, continuing, modifying, refusing or dissolving injunctions." V.I. CODE ANN. tit. 4, § 33(b)(1). Because Marco filed its notice of appeal within 30 days of the entry of the January 23, 2015 opinion and order, this Court possesses jurisdiction over its appeal. *See* 4 V.I.C. § 33(d)(5); *First Am. Dev. Group/Carib, LLC v. WestLB AG*, 55 V.I. 594, 600-02 (V.I. 2011) (holding that the jurisdictional 30-day filing deadline in section 33(d)(5) applies to appeals under section 33(b)). Thus, this Court may review the rulings embodied in the January 23, 2015 opinion and order even though the underlying action remains pending before the Superior Court. *Petrus v. Queen Charlotte Hotel Corp.*, 56 V.I. 548, 554 (V.I. 2012) (citing *In re Najawicz*, 52 V.I. 311, 324-25 (V.I. 2009)).

While this Court reviews the Superior Court's overall decision to grant or deny an injunction for abuse of discretion, it reviews the Superior

---

[1] On March 9, 2015, Marco filed a "Motion for Reconsideration" that requests largely the same relief sought and denied in the Superior Court, to wit, that VIHA be enjoined from proceeding with the demolition. However, a motion for reconsideration is not a motion cognizable under this Court's rules. Importantly, we note that Marco's counsel has made it a pattern to fail to comply with this Court's rules. *See, e.g., Percival v. People*, 62 V.I. 477, 491-92 (V.I. 2015) (noting failure to cite controlling authority despite obligation to do so under Supreme Court Rule 15(b)). Thus, we decline to consider Marco's motion on the merits because it is not properly before this Court.

Court's factual findings regarding likelihood of irreparable harm, harm to the nonmoving party, and whether the injunction is in the public interest only for clear error, while exercising plenary review of its conclusions of law. *Id.* at 554 (citing *In re Najawicz*, 52 V.I. at 328).

## B. Legal Standard

█ As this Court has previously explained,

In deciding whether to grant a preliminary injunction, the Superior Court must consider four factors:

(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*Yusuf v. Hamed*, 59 V.I. 841, 847 (V.I. 2013) (quoting *Petrus*, 56 V.I. at 554). "A preliminary injunction is an 'extraordinary and drastic remedy' . . . never awarded as of right and may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (quoting *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008) and *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (internal quotation marks omitted)).[2]

---

[2] This Court has previously recognized that a split exists between various jurisdictions as to whether a party seeking injunctive relief must "fully satisfy each of the four injunction factors" — known as the sequential test — or whether the moving party may obtain an injunction through a weighing of all four factors — known as the sliding-scale test — even if one or more of the factors is not satisfied. *See, e.g., Appleyard v. Governor Juan F. Luis Hosp. & Med. Ctr.*, 61 V.I. 578, 591 n.7 (V.I. 2014); *Yusuf*, 59 V.I. at 847 n.3. Thus far, this Court has not found it necessary to resolve this question because, in all prior appeals before us, all four factors were either satisfied or unsatisfied. However, in this case, the Superior Court found that Marco satisfied the second factor — irreparable injury — but failed to satisfy the other three factors. Significantly, VIHA does not dispute on appeal the Superior Court's finding of irreparable injury, meaning that this Court need not review that finding as part of this appeal. *Petrus*, 56 V.I. at 555.

Nevertheless, we need not determine whether to adopt the sequential test or the sliding-scale test as part of this appeal because no court has ever held that a preliminary injunction should be granted without at least *some* showing that the movant is likely to succeed on the merits. *See, e.g., Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co.*,

## C. Preliminary Injunction

In its appellate brief, Marco challenges the Superior Court's analysis of the likelihood of success on the merits, balance of harms, and public interest factors. Essentially, Marco argues that the Superior Court erred when it held that Marco had submitted an incomplete bid, that granting a preliminary injunction would not harm VIHA, and that ensuring public confidence in the procurement process justifies preserving the status quo.[3]

■ As to the likelihood of success on the merits, we first note that the Superior Court was unduly deferential to VIHA's explanation for why it did not award the contract to Marco. In granting such deference, the Superior Court heavily relied on this Court's decision in *Tip Top Construction Corp. v. Government of the V.I.*, 60 V.I. 724, 732 (V.I. 2014), where we emphasized that judicial review of procurement decisions is "extremely limited in scope" and that such decisions should generally not be disturbed unless "they are arbitrary or irrational." The Superior Court, however, overlooked that this Court also held that "the arbitrary or irrational standard applies only with respect to reviewing the factual basis for the procuring agency's decision . . . and does not apply when determining questions of law." *Id.* at 733. Moreover, we emphasized that

582 F.3d 721, 725 (7th Cir. 2009) ("Irreparable injury is not enough to support equitable relief. There also must be a plausible claim on the merits."). As we shall explain in the following section, Marco has admitted that it never obtained, prior to submission of its bid, the licenses necessary to undertake the work described in the IFB, even though the IFB stated that those licenses were mandatory. Since Marco has acknowledged that it submitted a non-responsive bid, its possibility of success on the merits of its bid protest is essentially zero, and thus no showing of potential irreparable harm can justify issuing a preliminary injunction even under the most liberal test for a preliminary injunction.

[3] Marco also argues in its appellate brief that VIHA failed to follow its internal procedures for dealing with bid protests, in that it purportedly ignored its bid protest. However, the record reflects that Marco filed its bid protest on Thursday, December 18, 2014, and then filed its Superior Court complaint three business days later on Tuesday, December 23, 2014. Although Marco claims that a letter it subsequently received through the mail was a *de facto* denial of his bid protest, that letter is dated December 17, 2014 — one day *before* Marco filed its bid protest — and states that the contract had been awarded to RG Engineering. Consequently, it is clear that this letter did not reject Marco's bid protest, but simply provided Marco with initial notice that its bid had been rejected. In fact, subsequent correspondence from VIHA to Marco reveals that VIHA had not denied the bid protest through the December 17, 2014 letter. (J.A. 506.) Thus, to the extent VIHA has not followed its internal procedures for dealing with bid protests, the error can be attributed to Marco suing VIHA in Superior Court a mere three days after filing its bid protest, without providing VIHA with sufficient time to consider it internally.

the arbitrary or irrational standard applies only to justifications provided when the decision was initially made, and that extrinsic evidence — such as *post hoc* testimony provided by agency representatives for the first time at an injunction hearing — was not entitled to such deference. *Id.* at 737-38.

Nevertheless, we conclude that the Superior Court's error was harmless. As noted above, the Superior Court held that VIHA properly rejected Marco's bid because it did not possess, at the time of its application, the general construction contractor and demolition licenses necessary to complete the project. While the Superior Court erroneously characterized the need for those licenses as questions of fact deserving of arbitrary or irrational review rather than questions of law that require *de novo* review, *see id.* at 733, it is clear that it would be unlawful for Marco to demolish the Housing Project without obtaining a general construction contractor license. *See* 27 V.I.C. § 332 ("Any person wishing . . . to engage in *any construction trade* as a business shall obtain a license to do so in accordance with the provisions of this chapter.") (emphasis added); 27 V.I.C. § 331 ("It shall be unlawful for any person to operate as a general construction contractor within the Virgin Islands unless he is licensed as provided for in this chapter.").

 The IFB issued by VIHA clearly provided that "[t]he successful Respondent must have all applicable licenses and permits required by Federal and State/Territory Laws to perform under the subsequent contract."[4] (J.A. 33.) Yet Marco has never disputed that it did not have a general construction contractor license at the time it submitted its bid. In fact, Marco has indicated that it had still not obtained such a license by

---

[4] In its appellate brief, Marco states that this language "simply asked for licenses that bidders have at the time" and that "the necessary licenses and permits were not required at the time of submission of the bid package but after award of the contract." (Appellee's Br. 11.) However, the more natural reading of this language — particularly the use of the phrase "successful Respondent" — is that a respondent will not be successful unless it possesses all applicable licenses necessary to perform under the contract that is ultimately signed. Moreover, as explained above, obtaining a general construction contractor license is not a mere formality, but a lengthy process, necessitated in part by the fact that the test is only offered three times a year. Given the necessity to begin the project by May 12, 2015, or else risk losing the HUD grant, Marco's position that the IFB did not require it to even *apply* for the necessary licenses until after it was awarded the contract strains credibility, given that Marco's inability to obtain a license sufficiently in advance of May 12, 2015, could jeopardize funding for the entire project.

the date of the January 16, 2015 hearing because the required examination is only offered three times each year, *see* 27 V.I.C. § 335(a), with no person being permitted to sit for the examination more than two times in any calendar year, *see* 27 V.I.C. § 335(c). In fact, even after an applicant passes the required exam, the applicant must establish, to the satisfaction of the Board of General Construction Contractors, that he carries appropriate insurance, *see* 27 V.I.C. § 336(a), is of good moral character, *see* 27 V.I.C. § 334(1), and has been licensed in another jurisdiction or has prior experience in the field of construction, *see* 27 V.I.C. § 334(2). Thus, as a matter of law, VIHA could not have awarded the contract to Marco when Marco did not have a license necessary to perform that contract. Consequently, we agree with the Superior Court that Marco has an extremely low likelihood of ultimately succeeding on the merits, since it did not possess a license that was required to qualify it to perform the demolition work contemplated by the contract.[5]

Turning to the remaining factors, we can find no error with the Superior Court's finding that the harm to VIHA and the public interest would greatly outweigh any irreparable harm Marco might suffer in the unlikely event it prevails.[6] As the Superior Court noted, it is undisputed that VIHA would need to return a significant amount of the grant money to HUD if 90 percent of the funds are not committed prior to May 12, 2015, and fully disbursed by May 12, 2016. Given that the demolition project itself was estimated to take one year to complete, enjoining VIHA from beginning the demolition process would greatly increase the likelihood of those deadlines being missed. Moreover, VIHA was able to obtain the HUD grant because the demolition is an emergency, given that the

---

[5] As noted above, the Superior Court characterized Marco's bid as non-responsive and subject to rejection on four separate grounds. Because our holding that Marco is unlikely to succeed on the merits due to its failure to obtain a general construction contractor license is dispositive with respect to the first factor, we need not analyze the Superior Court's other alternate grounds for reaching the same conclusion that Marco is unlikely to succeed on the merits. *Petrus*, 56 V.I. at 555.

[6] In its opinion, the Superior Court concluded that Marco would be irreparably injured due to its "lost opportunity to compete on a level playing field," but nevertheless in a footnote strongly questioned whether the harm was truly irreparable since it could be compensated with money damages. (J.A. 13.) Because VIHA has not challenged the Superior Court's irreparable harm finding on appeal, and the remaining three factors strongly favor denying the injunction, we accept the Superior Court's finding of irreparable harm for purposes of our analysis.

abandoned Housing Project has become a danger to the public due to being the site of illegal dumping, drug activity, and gang-related crime, and an injunction would delay or, if the HUD grant money is recaptured, entirely prevent the public from receiving the benefit of the demolition. Accordingly, we conclude that the Superior Court did not abuse its discretion when it denied Marco's motion for a preliminary injunction.

## III. CONCLUSION

For the foregoing reasons, we affirm the Superior Court's January 23, 2015 opinion and order denying Marco's request for a preliminary injunction.