# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

GORDON ACKLEY, in his capacity as candidate for Chairman of the Republican Party of the United States Virgin Islands and a Member of the Republican State Committee; TODD HECHT, in his capacity as a registered voter and as Member of the Republican State Committee; and ANTOINETTE HECHT, in her capacity as a candidate for National Committeewoman of the Republican Party of the United States Virgin Islands and Member of the Republican State Committee,

    Plaintiffs,

  v.

CAROLINE FAWKES, in her capacity as Virgin Islands Supervisor of Elections; the VIRGIN ISLANDS BOARD OF ELECTIONS; JOHN CANEGATA, in his capacity as putative Chairman of the Republican Party of the United States Virgin Islands and candidate for Chairman of the Republican Party of the United States Virgin Islands, and ROBERT MAX SCHANFARBER, in his capacity as putative secretary of the Republican Party of the United States Virgin Islands and candidate for National Committeeman of the Republican Party of the United States Virgin Islands,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. ST-2020-CV-00201

ACTION FOR INJUNCTIVE RELIEF, TEMPORARY and PRELIMINARY INJUNCTION

Cite as 2020 VI Super 66U

## MEMORANDUM OPINION

**THIS MATTER** is before the Court on Plaintiffs' Amended Motion for a Temporary Restraining Order and Preliminary Injunction, filed May 13, 2020, pursuant to Virgin Islands Rule of Civil Procedure 65(a). Defendants John Canegata ("Canegata") and Robert Max Schanfarber ("Schanfarber") (sometimes collectively "the Republican Defendants") oppose the motion. On June 2, 2020, the Court denied the motion for preliminary injunction. This memorandum opinion provides the support for that denial.

## STATEMENT OF THE CASE

Plaintiffs Gordon Ackley ("Ackley"), Todd Hecht ("Hecht"), and Antoinette Gumbs-Hecht ("Gumbs-Hecht") instituted a three-count complaint against Canegata, Schanfarber, Caroline Fawkes ("Fawkes"), in her capacity as Supervisor of the Board of Elections, and the Virgin Islands Board of Elections ("hereinafter "BOE"), alleging that Canegata and Schanfarber engaged in a conspiracy and scheme to deprive the Plaintiffs and other registered Republican voters of their rights to seek and vote for candidates for party offices when they submitted a set of rules to the Election System indicating a plan to hold and run a caucus that was never approved by the Republican Party of the United States Virgin Islands (hereinafter "VIGOP").[1]

Plaintiffs concede that under certain conditions the VIGOP may hold an internal caucus or election to select party officers, including national committeeman

---

[1] The action was filed on May 8, 2020, and the Plaintiffs filed an amended complaint on May 18, 2020.

and national committeewoman. However, Plaintiffs claim that those conditions have not been satisfied because the rules submitted by Canegata and Schanfarber to Fawkes were neither voted on nor adopted by the VIGOP for the 2020 election cycle. In addition, Plaintiffs fear that Canegata and Schanfarber will not schedule an internal caucus or election for the election of party officers.

Plaintiffs now move this Court to enter an order 1) enjoining Fawkes and the BOE from approving any cancellation or circumvention of the election of VIGOP offices at the Virgin Islands primary election on August 1, 2020; 2) enjoining Schanfarber and Canegata from conducting, convening, or otherwise administering any process under the purported auspices of the VIGOP, the VIGOP State Committee, or the Republican Party that undermines, usurps, cancels, circumvents, contradicts, or otherwise suppresses the aforesaid primary election; and 3) enjoining the Supervisor of Elections and the V.I. Board of Elections from accepting any nomination petitions past the deadlines established by the Virgin Islands Code, and from taking any actions that would invalidate the proper and timely submitted Nomination Petitions of Ackley and Gumbs-Hecht.

On May 15, 2020, the Court granted the Plaintiffs' request for a temporary restraining order.[2] A hearing on the motion for preliminary injunction was held on

---

[2] The TRO stated that it would expire on May 29, 2020. It was extended twice and then vacated by the Order entered in June 2, 2020, which denied the motion for preliminary injunction. The Temporary Restraining Order found that: 1) the Plaintiffs would suffer immediate irreparable harm if the VIGOP did not hold a properly announced caucus to elect party officers and members of its territorial committee, and the Supervisor of Elections and the Virgin Islands Board of Elections did not schedule and hold a primary for the election of Party officers and members of the territorial committee for the

May 27 and May 29, 2020. The motion was denied on June 2, 2020, at which time the TRO was vacated. The hearing on the preliminary injunction was not consolidated with the trial on the merits. Therefore, the trial will be scheduled once the parties are ready for same.

## FACTS

Plaintiffs are members of the VIGOP[3] and the VIGOP's State Committee ("State Committee").[4] Ackley and Gumbs-Hecht filed nomination papers with the BOE to run for state chair and national committeewoman, respectively, in a primary election on August 1, 2020. No other aspirant filed a petition with the BOE for either of these two positions. According to the BOE calendar, May 12, 2020 was the deadline to file petitions for the primary election. Hecht filed the suit in his capacity as a registered voter and a member of the Republican State Committee.

---

VIGOP; 2) the injury to the Plaintiffs if relief was denied would outweigh any injury to the interest of the Defendants and; 3) the public interest is best served by temporarily enjoining the holding of a caucus by the VIGOP. The TRO temporarily enjoined Canegata and Schanfarber from conducting, convening or otherwise administering a caucus for the VIGOP for the purpose of electing officers and member of the territorial committee for said Party, and temporarily restrained Fawkes and the Virgin Islands Board of Elections from approving any cancellation or circumvention of the August 1, 2020 primary election for party officers.

[3] The VIGOP is a political party in the U.S. Virgin Islands and is the local party affiliate of the national Republican Party.

[4] The State Committee is the governing body of the VIGOP. The chairman and members of the State Committee serve a term of four years.

Canegata has served as the chairman of the VIGOP since 2012.[5] Schanfarber has served as the secretary of the VIGOP since 2016. The election in 2016, conducted by caucus, was the last election for party office in the VIGOP.

On January 26, 2018, the State Committee along with members of the VIGOP party leadership held a special meeting to vote on the 2018 Virgin Islands Territorial Caucus Rules ("2018 Caucus Rules"), which were approved by vote of the State Committee and VIGOP party officers therewith. On January 31, 2018, Canegata and Schanfarber informed Fawkes, via e-mail, that the VIGOP would hold a caucus to "(1) select Republican nominees for federal and territorial elective offices" in 2018 and "(2) [elect] party chairman, national committee woman, national committee man, and members of the state committee" in 2020 in lieu of a primary election. Attached to the e-mail to Fawkes were the "2018 Caucus Rules" and the Rules, Policies, and Principles of the VIGOP ("VIGOP Rules"). The e-mail stated that the submission of the 2018 Caucus Rules was "in response to the BOE's [December 27, 2017] decision to no longer run primary elections in the U.S. Virgin Islands."

Prior to 2016, elections for party officers of the Republican Party were conducted every two years. However, at the same January 26, 2018 meeting where the 2018 Caucus Rules were adopted, the State Committee and VIGOP leadership voted to conduct the next election in four years. As such, under these rules, the

---

[5] Canegata was first elected as chairman in 2012 and was thereafter re-elected in 2014 and 2016.

VIGOP is expected to hold an election for party officers in August 2020, if not before. In a May 24, 2018 letter addressed to Warren B. Cole, Fawkes stated that, per Section 3 of the Republican Party bylaws adopted May 7, 2016—which state that the chairman and State Committee members serve four year terms—the next election for party officers for the VIGOP would be held in August 2020.[6] Therefore, the VIGOP did not hold a caucus in 2018 for party officers, and Canegata and Schanfarber have continued to hold their respective positions since last being elected in 2016.

On September 29, 2019, members of the State Committee along with members of the VIGOP leadership, held a meeting to select the process by which the VIGOP would select and send delegates to the Republican National Convention. A vote was taken on the Rules of 2020 U.S. Virgin Islands Republican Territorial Caucus (hereinafter "2020 Delegates Rules" admitted as Pl. Ex.20).[7] These rules are distinct from The Rules of the 2020 Virgin Islands Republican Territorial Caucus (hereinafter "2020 Caucus Rules" admitted as Pl. Exs. 1 & 27). These two sets of rules are nearly identically titled, but each serves a distinct purpose. The 2020 Delegates Rules govern VIGOP caucuses for the election of individuals for public office and for the selection, allocation, and binding of delegates and alternate delegates to the National Convention  while the 2020 Caucus Rules govern the election of party officers,

---

[6] The evidence reveals two different dates for the VIGOP decision to allow their officers to serve 4-year terms.  There is evidence that the 4-year cycle went into effect by 1) bylaws adopted on May 7, 2016 and 2) rules adopted on January 26, 2018.   Since both dates predate the 2018 election cycle, the Court need not decide which date was the effective date.

[7] The 2020 Delegate Rules were the only rules voted on at the September 29, 2019 meeting.

including chairman, vice chairman, and members of the State Committee. Specifically, Rule 1 of the 2020 Caucus Rules provides that The Rules of the 2018 Virgin Islands Territorial Caucus (hereinafter "2018 Caucus Rules") shall govern the 2020 Republican Territorial Caucus. The 2020 Caucus Rules do not pertain to the selection, allocation, or binding of delegates.

On October 1, 2019, Canegata sent the 2020 Delegate Rules to the Republic National Committee ("RNC') Counsel's Office. That same day, the Counsel's Office sent a letter to Canegata stating that the 2020 Delegate Rules had been received and accepted by the RNC.

On November 7, 2019, several members of the State Committee wrote to the RNC requesting that it invalidate the 2020 Delegate Rules and cease recognition of Canegata as VIGOP chairman.[8] Doyle Webb, General Counsel for the RNC, responded to the State Committee's letter in an undated letter, via electronic mail, and rejected Plaintiffs' requests.[9] Webb's letter only discusses the 2020 Delegate Rules, not the 2020 Caucus Rules, because the 2020 Delegate Rules were the rules submitted to the RNC on October 1, 2019. On May 6, 2020 Schanfarber submitted

---

[8] The undated letter from the Counsel's Office of the Republican National Committee, admitted as Pl. Ex. 22, states that several members of the State Committee of the Republican Party of the USVI wrote to the RNC on November 7, 2020. However, since that date has not yet occurred, it will be treated as a typographical error. The Court concludes the letter to the RNC was dated November 7, 2019, not 2020.

[9] In the undated letter, Webb stated that "the RNC ha[d] no grounds to take any formal actions that would have the effect of removing [Canegata]," and explained that VIGOP Rule 3, which provides mechanisms for removal, is "the proper channel to pursue for any members seeking to remove the chairman."

the 2020 Caucus Rules to Caroline Fawkes ("Fawkes"), Virgin Islands Supervisor of

Elections. The Court did not receive any evidence that the 2020 Caucus rules were

ever submitted to the RNC.

Under the 2020 Caucus Rules, which are identical to the 2018 Caucus Rules

that were adopted by the VIGOP on January 26, 2018, the VIGOP has a duty to

conduct an election on or before August 1, 2020.[10] As of the date of the hearing, there

is no scheduled date, location, budget, or caucus committee for the 2020 Caucus to

select party officers.[11]

## LEGAL STANDARD

### 1. Preliminary Injunctions

"A preliminary injunction is an 'extraordinary and drastic remedy' ... never

awarded as of right." *Yusuf v. Hamed*, 59 V.I. 841, 848 (V.I. 2013) (quoting *Munaf v.*

*Geren*, 553 U.S. 674, 689–90 (2008)). To determine whether to grant a preliminary

injunction, the Superior Court must consider four factors:

1) whether the movant has shown a reasonable probability of success
   on the merits;
2) whether the movant will be irreparably injured by denial of the
   relief;
3) whether granting preliminary relief will result in even greater
   harm to the nonmoving party; and

---

[10] Canegata testified the VIGOP intends to timely comply.

[11] As of the date of the hearing, a presidential preference vote was scheduled for May 30, 2020. According to Canegata, the Presidential Preference vote allows members of the VIGOP to select their preference for the candidate to run on the Republican ticket for president of the United States, and for persons who wish to be a delegate to the Republican National Convention to submit their nominating petitions. Canegata also testified that the vote for the delegates will take place two weeks after the Presidential Preference vote.

4) whether granting the preliminary relief will be in the public
interest.

*3RC & Co., Inc. v. Boynes Trucking Sys., Inc.*, 63 V.I. 544 (V.I. 2015) (citing *Marco St. Croix, Inc., v. Virgin Islands Housing Auth.*, 62 V.I. 586, 590 (V.I. 2015)); *Appleyard v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, 61 V.I. 578, 584 (V.I. 2014); *Yusuf v. Hamed*, 59 V.I. 841, 847 (V.I. 2013); *Petrus v. Queen Charlotte Hotel Corp.*, 56 V.I. 548, 554 (V.I. 2012) (quoting *Iles v. de Jongh*, 638 F.3d 169, 172 (3d Cir. 2011)). "The party seeking the preliminary injunction bears the burden of proof as to all four factors." *3RC & Co., Inc.*, 63 V.I. at 550 (quoting *Appleyard,* 61 V.I. at 591); *see also Yusuf*, 59 V.I. at 847. In examining the four factors, the Superior Court applies a sliding scale test, "wherein a strong showing on one factor may decrease the weight assessed to the other factors. . . ."[12] *3RC & Co., Inc.*, 63 V.I. at 551, 553. Under the sliding scale test, the "Court must make findings on each of the four factors and determine whether—when the factors are considered together and weighed against one another—the moving party has made "a clear showing that it is entitled to injunctive relief." *3RC & Co., Inc.*, 63 V.I. at 553 (alteration in original) (referencing *SBRMCOA, LLC v. Morehouse Real Estate Invs., LLC*, 62 V.I. 168, 186 (V.I. Super. Ct. 2015)).[13] Only then may the Court grant the movants request for a preliminary injunction. *See*

---

[12] A variation on the sliding scale test was formulated by the Virgin Islands Supreme Court and therewith adopted as the soundest rule for the Virgin Islands in *3RC & Co., Inc.*, 63 V.I. at 553.

[13] In *3RC & Co.*, the Court emphasized the flexibility that courts of equity possess in considering equitable remedies and noted that if the Court were to adopt the "strict, sequential multi-factor test", it "would be entirely inconsistent with 'this hallmark of equity jurisdiction.'" *3RC & Co., Inc.*, 63 V.I. at 550.

*Appleyard,* 61 V.I. at 584. As such, the moving party must "[make] some showing on all four injunction factors," but a strong showing of one factor may outweigh a weaker showing of others in the Court's analysis. *3RC & Co., Inc.,* 63 V.I. at 555 (collecting cases).[14]

## ANALYSIS

Plaintiffs seek an injunction, pursuant to V.I. R. Civ. P. 65, to: 1) restrain Fawkes and the BOE from approving any cancellation or circumvention of the VIGOP's primary election for party offices on August 1, 2020, by and through the plan set forth in the 2020 Caucus Rules that Schanfarber submitted to Fawkes on or about May 6, 2020, 2) restrain Schanfarber and Canegata from conducting, convening, or otherwise administering any process under the auspices of the VIGOP, the State Committee, or the Republican Party that undermines, usurps, cancels, circumvents, contradicts, or otherwise suppresses the aforesaid primary election; and 3) restrain Fawkes and the BOE from accepting any nomination petitions past the deadlines established by the Virgin Islands Code, and from taking any actions that

---

[14] *See, e.g., Nuuanu Valley Ass'n v. City & Cnty. of Honolulu,* 194 P.3d 531, 547 (Haw. 2008) ("[T]he more the balance of irreparable damage favors issuance of the injunction, the less the party seeking the injunction has to show the likelihood of success on the merits."); *Commonwealth v. Cnty. of Suffolk,* 418 N.E.2d 1234, 1235 (Mass. 1981) ("If there is a substantial risk of irreparable harm to the moving party, it must be balanced against any similar risk to the other party in the light of the chance of each party to succeed on the merits."); *Hoosier Energy Rural Elec. Co-op., Inc., v. John Hancock Life Ins. Co.,* 582 F.3d 721, 725 (7th Cir. 2009) ("How strong a claim on the merits is enough depends on the balance of harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief.").

would invalidate the proper and timely submitted Nomination Petitions of Ackley and Gumbs-Hecht.

At the preliminary injunction hearing, the parties introduced evidence, including witness testimony, and more than 25 exhibits, including the exbibits described in the Facts section of this opinion. However, Fawkes and BOE have remained neutral and have not joined the argument of either the plaintiffs or other defendants.

1. **Plaintiffs do not have a reasonable probability of success on the merits.**

Plaintiffs argue that Canegata and Schanfarber's actions are an "attempt[] to stop members of the [VIGOP] from duly electing party representatives." Plaintiffs argue that if they are allowed to continue with their plan for a caucus, the result will be the disenfranchisement of VIGOP voters. Plaintiffs analogize their arguments to those made by the plaintiffs in *Democratic Party of the Virgin Islands v. V.I. Bd. of Elections*, No. SX-16-CV-308, 2016 WL 9454119, at*1 (V.I. Super. Ct. June 20, 2016), in which the court enjoined the BOE from excluding the election of Democratic Party officers in the 2016 primary election.

However, in examining Plaintiffs' position, the Court finds that Plaintiffs' written filings present inconsistent arguments. On the one hand, Plaintiffs acknowledge that the VIGOP has the right to hold and run a caucus for the election of party officers, provided that the process is open, honest, and fair for all party

members.[15] On the other hand, Plaintiffs contradict this position by arguing that 18 V.I.C. § 342 requires candidates for party office, including chairman and national committeewoman, to be elected by, and only by, a party primary run by the BOE. The conflict between Plaintiffs' written arguments is resolved by the oral arguments Plaintiffs made at the preliminary injunction hearing, During both opening and closing arguments, Plaintiffs made clear that they do not dispute that a party may hold a caucus to elect party officers, and that they do not maintain that the BOE must hold a primary election for such purpose. Therefore, the Court finds that Plaintiffs have abandoned their initial claim—that only the BOE may hold a primary for the election of party officers. As such, Plaintiffs' argument against Canegata and Schanfarber's caucus plan is not that caucuses are impermissible per se, but that Canegata and Schanfarber's specific plan to hold a caucus does not provide for a process that is open, honest, and fair, and their actions do not indicate that a caucus will occur. Plaintiffs argue that this is evidenced by the fact that Canegata and Schanfarber submitted the 2020 Caucus Rules to the BOE in the absence of a party vote and party approval; that, as of the date of the hearing, there was no date,

---

[15] Title 18 V.I.C. § 232 provides as follows:

> Party primary elections shall be held in the Virgin Islands on the first Saturday of August for the purpose of choosing candidates for nomination to public offices to be voted for at the ensuing general election. *The Board of Elections will be responsible for certifying the process to be used by any political party to select party officers and candidates for public-office.* (emphasis added).

location, budget, or committee set for the caucus; and that Canegata[16] and Schanfarber want to use the caucus solely as a means to maintain their leadership positions in the party. Plaintiffs argue that these factors either indicate that Canegata and Schanfarber have no intention of holding an election, or that if one is held, it will be by caucus in absence of party approval. Therefore, Plaintiffs ask the Court to 1) enjoin Canegata and Schanfarber from holding a caucus for party officers, 2) enjoin the BOE from accepting new petitions for party officers, and 3) direct the Board of Elections to accept Ackley and Gumbs-Hecht's nomination papers and declare them winners since no other persons have filed for the same position.[17] Section 232 of Title 18 of the V.I. Code requires that candidates for *public* office be elected by primary.[18] However, the parties agree that this provision does not

---

[16] One of Plaintiffs' claims is that Canegata and Schanfarber's attempts to mislead the BOE into canceling the primary election is driven by Canegata and Schanfarber's failure to collect sufficient signatures to satisfy the BOE's requirements for a primary election. However, Canegata provided proof he had collected more than 40 signatures in the District of St. Croix on a petition to run for state chair. This sum exceeds the minimum required of one district. 18 V.I.C. § 347. But he offered no evidence of the number of signatures he collected in the District of St. Thomas-St. John.

[17] 18 V.I.C. § 307 provides that if the number of candidates who filed nomination petitions for a particular party office exactly equals the number of persons who are to be elected to such office, no party primary with respect to such office shall be held, and, in such case, the Supervisor of Elections shall declare the candidates who filed petitions to be elected to such office.

[18] The Court must note that while Canegata and Schanfarber have cited Section 232 to support their position that political parties have a right to hold their own electoral process for the election of party officers, Canegata and Schanfarber also argue that the statute is unconstitutional as it interferes with the First Amendment rights of the members of the VIGOP. The Court offers no opinion on that argument as the parties have not briefed it. On a similar vein, the Republican Defendants argue that this intra-party dispute should be handled by the governing documents and courts may not interfere or mediate an intra-party dispute. But neither is there evidence that the Republican Defendants have asked the Republican National Committee to resolve this dispute.

expressly require the same for candidates of *party* office. The only requirement for the election of party officers under Section 232 is that the election process be certified by the BOE.[19]

In 2016, the Joint Board of Elections informed the VIGOP by a letter addressed to Canegata that it did not intend to conduct any elections for party offices during the primary election on August 8, 2016 and that the primary would only be for nominees for public offices.[20] In its letter, the Joint Board of Elections stated that each political party was therefore free to develop the process by which it will elect party officers and officials. Thereafter, the VIGOP conducted a caucus in August 2016 with approval from the Republican National Committee.

Subsequently, the VIGOP held a caucus for the election of party officers. On January 31, 2018, Canegata transmitted the 2018 Caucus Rules to Fawkes via e-mail conveying the VIGOP's intent to hold a caucus for the election of party officers in 2020. The Court finds that this evidence, in light of Section 232, suggests that the process by which political parties elect party officers is not limited to a primary election, but rather is dependent on the BOEs certification, as required under Section 232. Fawkes also testified as to the Election System's election calendar. She testified that the BOE was scheduled to meet on June 2, 2020 to, *inter alia*, review and vote

---

[19] The V.I. Board of Elections is established under 18 V.I.C. § 41.

[20] It is likely a similar letter to the Democratic Party of the Virgin Islands that caused them to challenge the BOE in *Democratic Party of the Virgin Islands v. V.I. Bd. of Elections*, No. SX-16-CV-308, 2016 WL 9454119, at*1 (V.I. Super. Ct. June 20, 2016), which is cited above.

on the VIGOP's plan to elect its party officers by caucus.[21] Given BOE's expertise in overseeing matters related to voting and elections within the territory, the Court finds that BOE should be given the opportunity to provide insight on any issue that arises within its purview. As such, the Court finds that it would be premature and an abuse of power and discretion to prohibit, usurp, or impede the BOE from fulfilling its statutory duty to evaluate the VIGOP plan and determine whether they may elect their party officers by caucus rather than by primary. The Court finds that there is no evidence that the party plan set forth in the 2020 Caucus Rules was approved by vote of the VIGOP party officers during the 2020 election cycle. However, the Court also finds that the 2020 Caucus Rules is identical to the 2018 Caucus Rules, admitted as Def's Ex. 9, which *were* duly voted on and approved by the VIGOP party officers on January 26, 2018, and by the BOE on January 31, 2018. Nothing within the four corners of the 2018 Caucus Rules indicates an expiration date or sunset clause, and Plaintiffs have not proffered any argument that bars consideration of them. As such, the Court finds that the 2018 Caucus Rules are still valid.

Based upon the foregoing analysis, the Court finds that Plaintiffs do not have a reasonable degree of success on the merits on any of the three counts. This factor weighs against the entry of a preliminary injunction.

---

[21] In order to not delay or hinder the BOE's calendar or work, or its ability to fulfill its statutory duty, the Court decided the motion for preliminary injunction on the morning of June 2, 2020, and entered an order denying the motion for preliminary injunction and vacating the TRO. This memorandum opinion offers the analysis to support that order.

### 2. Immediate and Irreparable Harm

The Virgin Islands Supreme Court defines irreparable harm as "certain and imminent harm for which a monetary award does not adequately compensate." *Yusuf v. Hamed*, 59 V.I. 841, 854 (V.I. 2013). Plaintiffs argue that they will be irreparably harmed if Defendants' actions are not enjoined. Specifically, Plaintiffs argue that the Defendants' conduct "has, continues to have, and very likely will have in the future the effect of violating the rights of the Plaintiffs and other affected  voters, the opportunity to exercise one of the most fundamental rights afforded to a citizen of the United States—the right to duly elect representatives." Plaintiffs argue that such actions are tantamount to voter disenfranchisement.

However, the case before the Court does not concern an election for public office. The case before the Court is solely an intra-party dispute. There is no claim that any party or member of the public would be prevented or prohibited from exercising their right to vote for public office. Plaintiffs have not adequately demonstrated that they have or imminently will be denied access to a reliably fair and impartial election for VIGOP party office. Unlike the circumstances in *Democratic Party of the Virgin Islands*, the Court has been presented with no evidence to show that Plaintiffs will be denied their opportunity to vote for party office. The Republican Defendants' plan is not one that omits an election process entirely; rather, the Republican Defendants' plan is merely one that substitutes one

election process for another. While the Court recognizes that, generally, primary elections and caucuses are distinctly different, replacing the former for the latter does not deny the Plaintiffs, or any other eligible party voters, their opportunities to vote for and elect party officers. If, on the other hand, the Plaintiffs had presented evidence that demonstrated that neither a primary nor a caucus was to occur, then such evidence would increase the risk of imminent and irreparable harm and perhaps produce a different result. *See Democratic Party of the Virgin Islands*, 2016 WL 9454119, at *6. However, no such evidence has been presented to the Court. The absence of a date, location, budget, and committee for the caucus is troubling, but it is not dispositive evidence that no process will be held. According to Fawkes, the VIGOP has until August, 2020 to conduct its caucus and BOE was scheduled to meet on June 2, 2020 to consider whether the VIGOP plan should be certified.[22] Therefore, it would be premature to find, upon the limited evidence currently before the Court, that no caucus is to be held by the VIGOP. For these reasons, the Court finds that Plaintiffs have not demonstrated that they will suffer irreparable harm if the Defendants are not enjoined. As such, this factor does not weigh in favor of granting preliminary injunction.

---

[22] The Court received no evidence on the process the Board of Elections will take to fulfill its statutory duty under 18 V.I.C. § 232 to determine whether to certify the VIGOP plan. It stands to reason, however, that just as it has the authority to certify the VIGOP plan, it also has the authority to reject the plan. But no party offered any evidence on what might occur if the Board of Elections rejects the plan, and whether the Board of Elections will then certify Ackley and Gumbs-Hecht as candidates for party office.    By the time of the issuance of this memorandum opinion, the Board of Elections may have already decided those issues. But this Opinion is based upon the evidence presented to the Court during the hearings on May 27 and May 29, 2020.

### 3. Harm to Defendants as Non-Moving Party

If the Court were to grant the Plaintiffs' request for a preliminary injunction, Plaintiffs argue that it would not result in greater harm to the Republican Defendants. In particular, Plaintiffs argue that no harm would occur to either Canegata or Schanfarber if they are enjoined from holding a caucus. However, the Court strongly disagrees. If the Court enjoins the Republican Defendants from proceeding with their plan to hold a caucus, and directs the BOE to hold a primary election, Ackley and Gumbs-Hecht would be the only candidates for party chair and national committeewoman, respectively. As such, candidates who had planned to run for party office in the VIGOP sponsored caucus, including Canegata and Schanfarber, would be denied the opportunity to be considered. In this way, the harm to Canegata and other eligible candidates far exceeds the harm to Plaintiffs. If the Court were to grant Plaintiffs' request, Ackley and Gumbs-Hecht would be declared as party officers of their respective party office and there would be no election – not by the BOE or by the VIGOP. Therefore, the Court finds that granting the Plaintiffs' injunctions would cause great harm to Canegata and Schanfarber—harm greater than Plaintiffs would suffer if the injunctions were denied.[23] This factor is the strongest factor that militates against granting the injunctions.

---

[23] This potential harm does not preclude the BOE from rejecting the VIGOP plan, as the BOE does not have a duty to consider irreparable harm. It is only a factor the Court must consider when considering a motion for preliminary injunction.

4. **Public Interest**

The public's interest in protecting access to free and fair elections is paramount, even those for party office. However, the public's interest is also served when the Court permits the BOE to review the 2020 Caucus Rules (or the 2018 Caucus Rules) and decide whether it will permit the VIGOP to hold a caucus. The Court finds that the public's interest is best served if the administrative body with the most expertise in regulating political elections, is not denied the opportunity to consider whether the plan proposed by the VIGOP is a viable one. Therefore, this factor weighs against granting preliminary injunction.

## CONCLUSION

Plaintiffs' claims that Canegata and Schanfarber are holding their offices unlawfully and that they have engaged in a conspiracy is not supported by the evidence. Count One asks the Court to enjoin Fawkes from taking any action to cancel the primary election or from prohibiting Ackley and Gumbs-Hecht from filing nominating papers. The evidence shows Ackley and Gumbs-Hecht did file petitions and the deadline to do so has lapsed. Therefore, the latter part of the request appears moot. However, the evidence shows that the VIGOP submitted a set of rules to the BOE to certify the VIGOP's chosen process for the 2020 election of party officers, as required by Title 18 V.I.C. § 232, and the BOE has a duty to consider the plan. BOE had not done so as of the date of the hearings in this matter. Therefore, granting the relief sought by Plaintiffs would usurp BOE's statutory duty and deny it the

opportunity to evaluate the VIGOP plan set forth in the 2020 Caucus Rules and determine whether they will be accepted or a primary will proceed.

Count Two, though not articulately pled, alleges that Schanfarber and Canegata are not lawfully holding their positions and have no authority to make representations to Fawkes or BOE. Count Two states the Court must not allow Schanfarber and Canegata to cancel the primary election. This is the same relief sought in Count One. But as explained above, it would be improper for the Court to usurp the statutory duty of the BOE and there is no evidence Canegata and Schanfarber are unlawfully holding their positions.

As in Count One, Count Three asks the Court to enjoin the Supervisor of Elections from accepting any nomination petitions past the deadlines set forth in the V.I. Code. This issue is moot as that deadline has passed, and no evidence was presented that suggests any petition was presented to the BOE after the deadline.

Plaintiffs have not satisfied their burden for a preliminary injunction. Plaintiffs do not have a reasonable degree of succeeding on the merits. Were the Court to grant the relief sought, the harm to the Republican Defendants would outweigh the harm to the Plaintiffs. Therefore, Plaintiffs have not made a clear showing that they are entitled to the relief sought. These are the reasons the motion for preliminary injunction was denied. What the Plaintiffs may prove at trial remains to be seen.

No order will accompany this opinion because an order denying the motion for preliminary injunction was entered on June 2, 2020, and this opinion supports that Order.

DATED:  June __4__, 2020

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**DONNA DONOVAN**
Court Clerk Supervisor